# Exhibit B

76 STAT. ]    PUBLIC LAW 87-569–AUG. 6, 1962    265

Public Law 87-569

AN ACT

August 6, 1962
[H. R. 6967]

To provide for the incorporation of certain nonprofit corporations in the District of Columbia, and for other purposes.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That this Act shall be known and may be cited as the "District of Columbia Nonprofit Corporation Act".

District of Columbia Nonprofit Corporation Act.

## CONTENTS

Sec.
1. Short Title.
2. Definitions.
3. Applicability.
4. Purposes.
5. General Powers.
6. Defense of Ultra Vires.
7. Corporate Name.
8. Reserved Name.
9. Registered Office and Registered Agent.
10. Change of Registered Office or Registered Agent
11. Registered Agent as an Agent for Service.
12. Members.
13. Bylaws.
14. Meetings of Members.
15. Notice of Members' Meetings.
16. Voting.
17. Quorum.
18. Board of Directors.
19. Number, Election, Classification, and Removal of Directors.
20. Vacancies.
21. Quorum of Directors.
22. Committees.
23. Place and Notice of Directors' Meetings.
24. Officers.
25. Removal of Officers.
26. Books and Records.
27. Shares of Stock and Dividends Prohibited.
28. Loans to Directors and Officers Prohibited.
29. Incorporators.
30. Articles of Incorporation.
31. Filing of Articles of Incorporation.
32. Effect of Issuance of Certificate of Incorporation.
33. Organization Meetings.
34. Right To Amend Articles of Incorporation.
35. Procedure To Amend Articles of Incorporation.
36. Articles of Amendment.
37. Filing of Articles of Amendment.
38. Effect of Certificate of Amendment.
39. Procedure for Merger.
40. Procedure for Consolidation.
41. Approval of Merger or Consolidation.
42. Articles of Merger or Consolidation.
43. Effective Date of the Merger or Consolidation.
44. Effect of Merger or Consolidation.
45. Merger or Consolidation of Domestic and Foreign Corporations.
46. Sale, Lease, Exchange, or Mortgage of Assets.
47. Voluntary Dissolution.
48. Distribution of Assets.
49. Plan of Distribution.
50. Revocation of Voluntary Dissolution Proceedings.
51. Articles of Dissolution.
52. Filing of Articles of Dissolution.
53. Involuntary Dissolution.
54. Venue and Process.
55. Jurisdiction of Court To Liquidate Assets and Affairs of Corporation.
56. Procedure in Liquidation of Corporation by Court.
57. Qualification of Receivers.
58. Filing of Claims in Liquidation Proceedings.
59. Discontinuance of Liquidation Proceedings.
60. Decree of Dissolution.
61. Filing of Decree of Dissolution.
62. Deposits in Registry of Court.


AUTHENTICATED
U.S. GOVERNMENT
INFORMATION
GPO

Sec.
63. Survival of Remedy After Dissolution.
64. Admission of Foreign Corporation.
65. Powers of Foreign Corporation.
66. Corporate Name of Foreign Corporation.
67. Change of Name by Foreign Corporation.
68. Application for Certificate of Authority.
69. Filing of Application for Certificate of Authority.
70. Effect of Certificate of Authority.
71. Registered Office and Registered Agent of Foreign Corporation.
72. Change of Registered Office of Registered Agent or Foreign Corporation.
73. Service of Process on Foreign Corporation.
74. Amendment to Articles of Incorporation of Foreign Corporation.
75. Merger of Foreign Corporation.
76. Amended Certificate of Authority.
77. Withdrawal of Foreign Corporation.
78. Filing of Application for Withdrawal.
79. Revocation of Certificate of Authority.
80. Issuance of Certificate of Revocation.
81. Application to Foreign Corporations Conducting Affairs on the Effective
      Date of This Act.
82. Conducting Affairs Without Certificate of Authority.
83. Annual Report of Domestic and Foreign Corporations.
84. Filing of Annual Report of Domestic and Foreign Corporations.
85. Effect of Failure To Pay Annual Report Fee or To File Annual Report.
86. Proclamation of Revocation.
87. Penalty for Conducting Affairs After Issuance of Proclamation.
88. Correction of Error in Proclamation.
89. Reservation of Name of Proclaimed Corporation.
90. Reinstatement of Proclaimed Corporations.
91. Penalties Imposed Upon Corporation.
92. Fees for Filing Documents and Issuing Certificates.
93. Commissioners: Duties and Functions.
94. Appeal From Commissioners.
95. Certificates and Certified Copies To Be Received in Evidence.
96. Forms To Be Furnished by Commissioners.
97. Greater Voting Requirements.
98. Waiver of Notice.
99. Action by Members or Directors Without a Meeting.
100. Unauthorized Assumption of Corporate Powers.
101. Procedure To Elect To Accept Act.
102. Statement of Election To Accept This Act.
103. Filing of Statement of Election To Accept This Act.
104. Effect of Certificate of Acceptance.
105. Actions To Be in Name of District of Columbia.
106. Right of Repeal Reserved.
107. Act Not To Affect Internal Revenue Code of 1954.
108. Effect of Invalidity of Part of This Act.
109. Effect of False Statement.
110. Effective Date.
111. Appropriation of Funds.

DEFINITIONS

Sec. 2. As used in this Act, unless the context otherwise requires the
term—

(a) "Corporation" or "domestic corporation" means a corporation
not for profit subject to the provisions of this Act, except a foreign
corporation.

(b) "Foreign corporation" means a corporation not for profit organ-
ized under laws other than the laws of the District of Columbia, for
a purpose or purposes for which a corporation might be organized
under this Act, but shall not include a corporation created by a special
Act of Congress.

(c) "Not for profit corporation" means a corporation no part of
the income of which is distributable to its members, directors, or
officers; except nothing in this Act shall be construed as prohibiting
the payment of reasonable compensation for services rendered and
the making of distribution upon dissolution of final liquidation as
permitted in this Act.

(d) "Articles of incorporation" means the original articles of incorporation and all amendments thereto, including articles of merger or consolidation, and in the case of a corporation created by a special Act of Congress, means such special Act and any amendments thereto made by special Act of Congress, or pursuant to general law.

(e) "Bylaws" means the code or codes of rules adopted for the regulation or management of the affairs of a corporation irrespective of the name or names by which such rules are designated.

(f) "Member" means one having membership rights in a corporation in accordance with the provisions of its articles of incorporation or bylaws.

(g) "Board of directors" means the group of persons vested with the management of the affairs of a corporation irrespective of the name by which such group is designated.

(h) "Insolvent" means that a corporation is unable to pay its debts as they become due in the usual course of its affairs.

(i) "Commissioners" means the Commissioners of the District of Columbia or the agent or agents designated by them to perform any function vested in the Commissioners by this Act.

(j) "District" means the District of Columbia.

(k) "The court", except where otherwise specified, means the United States District Court for the District of Columbia.

### APPLICABILITY

SEC. 3. (a) The provisions of this Act relating to domestic corporations shall apply to all corporations organized hereunder or which elect to accept the provisions of this Act.

(b) The provisions of this Act relating to foreign corporations shall apply to all foreign not for profit corporations conducting affairs in the District of Columbia for a purpose or purposes for which a corporation might be organized under this Act.

(c) No corporation eligible to be formed under this Act shall be incorporated under any other Act or statute now in force in the District of Columbia except that those organizations eligible to be formed under the Acts or parts of Acts referred to in section 49–303, District of Columbia Code (1951 edition), may be formed under those Acts or parts of Acts.

32 Stat. 546.

### PURPOSES

SEC. 4. Corporations may be organized under this Act for any lawful purpose or purposes including, but not limited to, one or more of the following or similar purposes: benevolent; charitable; religious; missionary; educational; scientific; research; literary; musical; social; athletic; patriotic; political; civic; professional, commercial, industrial, business, or trade association; mutual improvement; promotion of the arts; except that cooperative organizations or organizations subject to any of the provisions of the insurance laws of the District may not be organized under this Act.

### GENERAL POWERS

SEC. 5. Each corporation shall have power—

(a) to have perpetual succession by its corporate name unless a limited period of duration is stated in its articles of incorporation;

(b) to sue and be sued, complain and defend, in its corporate name;

(c) to have a corporate seal which may be altered at pleasure and to use the same by causing it, or a facsimile thereof, to be impressed or affixed or in any other manner reproduced;

(d) to purchase, take, receive, lease, take by gift, devise or bequest, or otherwise acquire, own, hold, improve, use, and otherwise deal in and with, real or personal property, or any interest therein, wherever situated;

(e) to sell, convey, mortgage, pledge, lease, exchange, transfer, and otherwise dispose of all or any part of its property and assets;

(f) to lend money to and otherwise assist its employees other than its officers and directors;

(g) to purchase, take, receive, subscribe for, or otherwise acquire, own, hold, vote, use, employ, sell, mortgage, loan, pledge, or otherwise use and deal in and with, shares or other interests in, or obligations of, other domestic or foreign corporations, whether for profit or not for profit, associations, partnerships, or individuals, or direct or indirect obligations of the United States, or of any other government, State, territory, governmental district, or municipality or of any instrumentality thereof;

(h) to make contracts and incur liabilities, borrow money at such rates of interest as the corporation may determine, issue its notes, bonds, and other obligations, and secure any of its obligations by mortgage or pledge of all or any of its property, franchises and income;

(i) to lend money for its corporate purposes, invest and reinvest its funds, and take and hold real and personal property as security for the payment of funds so loaned or invested;

(j) to conduct its affairs, carry on its operations, hold property, and have offices and exercise the powers granted by this Act in any part of the world;

(k) to elect or appoint officers and agents of the corporation, and define their duties and fix their compensation;

(l) to make and alter bylaws, not inconsistent with its articles of incorporation or with the laws of the District of Columbia, for the administration and regulation of the affairs of the corporation;

(m) unless otherwise provided in the articles of incorporation, to make donations for the public welfare or for religious, charitable, scientific research, or educational purposes, or for other purposes for which the corporation is organized;

(n) to indemnify any director or officer or former director or officer of the corporation, or any person who may have served at its request as a director or officer of another corporation, whether for profit or not for profit, against expenses actually and necessarily incurred by him in connection with the defense of any action, suit, or proceeding in which he is made a party by reason of being or having been such director or officer, except in relation to matters as to which he shall be adjudged in such action, suit, or proceeding to be liable for negligence or misconduct in the performance of a duty. Such indemnification shall not be deemed exclusive of any other rights to which such director or officer may be entitled, under any bylaw, agreement, vote of board of directors or members, or otherwise;

(o) to cease its corporate activities and surrender its corporate franchise;

(p) to have and exercise all powers necessary or convenient to effect any or all of the purposes for which the corporation is organized.

### DEFENSE OF ULTRA VIRES

Sec. 6. No act of a corporation and no conveyance or transfer of real or personal property to or by a corporation shall be invalid by reason of the fact that the corporation was without capacity or power to do such act or to make or receive such conveyance or transfer, but such lack of capacity or power may be asserted:

(a) In a proceeding by a member or a director against the corporation to enjoin the doing of any act, or the transfer of real or personal property by or to the corporation. If the act or transfer sought to be enjoined is being, or is to be, performed pursuant to any contract to which the corporation is a party, the court may, if all of the parties to the contract are parties to the proceeding and if it deems the same to be equitable, set aside and enjoin the performance of such contract, and in so doing may allow to the corporation or the other parties to the contract, as the case may be, compensation for the loss or damage sustained by either of them which may result from the action of the court in setting aside and enjoining the performance of such contract, but anticipated profits to be derived from the performance of the contract shall not be awarded by the court as a loss or damage sustained.

(b) In a proceeding by the corporation, whether acting directly or through a receiver, trustee, or other legal representative, or through members in a representative suit, against the incumbent or former officers or trustees of the corporation.

(c) In a proceeding by the Commissioners, as provided in this Act, to dissolve the corporation, or in a proceeding by the Commissioners to enjoin the corporation from the transaction of unauthorized acts.

### CORPORATE NAME

Sec. 7. The corporate name—

(a) shall not contain any word or phrase which indicates or implies that it is organized for any purpose other than one or more of the purposes contained in its articles of incorporation;

(b) shall not be the same as, or deceptively similar to, the name of any domestic corporation, whether for profit or not for profit organized under any Act of Congress authorizing the formation of corporations under the laws of the District of Columbia, or that of any corporation created pursuant to any special Act of Congress to transact business or conduct affairs in the District, or that of any foreign corporation whether for profit or not for profit authorized to transact business or conduct affairs in the District, or a name the exclusive right to which is at the time reserved in the manner provided in this Act or in accordance with the provisions of the District of Columbia Business Corporation Act;                                                                    68 Stat. 177.
                                                                              D. C. Code
                                                                              29-901.

(c) shall be transliterated into letters of the English alphabet, if it is not in English;

(d) shall not indicate, nor shall any statement be made, that the corporation is organized under an Act of Congress.

### RESERVED NAME

Sec. 8. (a) The exclusive right to the use of a corporate name may be reserved by any person or corporation, domestic or foreign, by delivering to the Commissioners an application to reserve a specified corporate name, executed by the applicant. If the Commissioners find that the name is available for corporate use, they shall reserve the same for the exclusive use of the applicant for a period of sixty days.

Such reservation may be renewed for an additional period of sixty days and for good cause shown such reservation may be further extended for a reasonable period.

(b) The right to the exclusive use of a specified corporate name so reserved may be transferred to any other person or corporation by delivering to the Commissioners a notice of such transfer, executed by the applicant for whom the name was reserved, and specifying the name and address of the transferee.

### REGISTERED OFFICE AND REGISTERED AGENT

SEC. 9. Each corporation shall have and continuously maintain in the District of Columbia—

(a) a registered office, which may be, but need not be, the same as its principal office;

(b) a registered agent, which agent may be either an individual resident of the District of Columbia whose business office is identical with such registered office, a domestic corporation, whether for profit or not for profit, or a foreign corporation, whether for profit or not for profit, authorized to transact business or conduct affairs in the District of Columbia and having an office identical with such registered office.

### CHANGE OF REGISTERED OFFICE OR REGISTERED AGENT

SEC. 10. (a) The registered office of a corporation or its registered agent, or both, may be changed by delivering to the Commissioners a statement setting forth—

(1) the name of the corporation;

(2) the address, including street and number, if any, of its then registered office;

(3) if the address of its registered office is to be changed, the address, including street and number, if any, to which the registered office is to be changed;

(4) the name of its then registered agent;

(5) if its registered agent is to be changed, the name of its successor registered agent;

(6) that the address of its registered office and the address of the office of its registered agent as changed will be identical; and

(7) that such change was authorized by resolution duly adopted by its board of directors or was authorized by an officer of the corporation duly empowered to make such change.

(b) Such statement shall be executed in duplicate by the corporation by its president or a vice president, and the corporate seal shall be thereto affixed, attested by the secretary or an assistant secretary, and delivered to the Commissioners. If the Commissioners find that such statement conforms to law, they shall, when all fees and charges have been paid as in this Act prescribed—

(1) endorse on each of such duplicate originals the word "Filed", and the month, day, and year of the filing thereof;

(2) file one of such duplicate originals in their office;

(3) return the other duplicate original to the corporation or its representative.

(c) The change of address of the registered office, or the change of registered agent, or both, as the case may be, shall become effective upon the filing of such statement by the Commissioners.

(d) A corporation shall change its registered agent if the office of registered agent shall become vacant for any reason, or if its registered agent becomes disqualified or incapacitated, or if it revokes the appointment of its registered agent.

(e) Any registered agent of a corporation may resign as such agent by delivering written notice thereof, executed in triplicate, to the Commissioners, who shall file one copy thereof in their office and forthwith mail a copy thereof to the corporation at its registered office and another copy to the corporation at its principal office in the District of Columbia as shown by the records of the Commissioners. The appointment of such agent shall terminate upon the expiration of thirty days after receipt of such notice by the Commissioners or upon the appointment of a successor agent becoming effective, whichever occurs sooner. No fee or other charge of any kind shall be imposed with respect to a filing under this subsection.

REGISTERED AGENT AS AN AGENT FOR SERVICE

Sec. 11. (a) The registered agent appointed by a corporation as provided in this Act shall be an agent of such corporation upon whom any process, notice, or demand required or permitted by law to be served upon the corporation may be served. Service of any process, notice, or demand upon a corporate agent, as such agent, may be had by delivering a copy of such process, notice, or demand to the president, vice president, the secretary, or an assistant secretary of such corporate agent.

(b) Whenever a corporation shall fail to appoint or maintain a registered agent in the District or whenever its registered agent cannot with reasonable diligence be found at the registered office, then the Commissioners shall be an agent of such corporation upon whom any such process, notice, or demand may be served. Service on the Commissioners of any such process, notice, or demand shall be made by delivering to and leaving with them or with any clerk having charge of their office duplicate copies of such process, notice, or demand. In the event that any such process, notice, or demand is served on the Commissioners, they shall immediately cause one of such copies thereof to be forwarded by registered or certified mail, addressed to the corporation at its registered office.

(c) The Commissioners shall keep a record of all processes, notices, and demands served upon them under this section, and shall record therein the time of such service and their action with respect thereto.

(d) Nothing herein contained shall limit or affect the right to serve any process, notice, or demand required or permitted by law to be served upon a corporation in any other manner now or hereafter permitted by law.

MEMBERS

Sec. 12. A corporation may have one or more classes of members or may have no members. If the corporation has one or more classes of members, the designation of such class or classes, the manner of election or appointment and the qualifications and rights of the members of each class shall be set forth in the articles of incorporation or the bylaws. If the corporation has no members, that fact shall be set forth in the articles of incorporation. A corporation may issue certificates evidencing membership therein.

BYLAWS

Sec. 13. The initial bylaws of a corporation shall be adopted by its board of directors. The power to alter, amend, or repeal the bylaws or adopt new bylaws shall be vested in the board of directors unless otherwise provided in the articles of incorporation or the bylaws.

PUBLIC LAW 87-569—AUG. 6, 1962 [76 Stat.

MEETINGS OF MEMBERS

SEC. 14. (a) Meetings of members may be held at such place within or without the District of Columbia as may be provided in the bylaws or, where not inconsistent with the bylaws, in the notice of the meeting.

(b) An annual meeting of the members shall be held at such time as may be provided in the bylaws. Failure to hold the annual meeting at the designated time shall not work a forfeiture or dissolution of the corporation.

(c) Special meetings of the members may be called by the president, the secretary, the board of directors, or by such other officers or persons or number or proportion of members as may be provided in the articles of incorporation or the bylaws. In the absence of a provision fixing the number or proportion of members entitled to call a meeting, a special meeting of members may be called by members having at least one-twentieth of the votes entitled to be cast at such meeting.

NOTICE OF MEMBERS' MEETINGS

SEC. 15. Written or printed notice stating the place, day, and hour of the meeting and, in case of a special meeting, the purpose or purposes for which the meeting is called, shall, in the absence of a provision in the bylaws specifying a different period of notice, be delivered not less than ten or more than fifty days before the date of the meeting, either personally or by mail, by or at the direction of the president, or the secretary, or the officers or persons calling the meeting, to each member entitled to vote at such meeting. If mailed, such notice shall be deemed to be delivered when deposited in the United States mail addressed to the member at his address as it appears on the records of the corporation, with postage thereon prepaid.

VOTING

SEC. 16. (a) Members shall not be entitled to vote except as the right to vote shall be conferred by the articles of incorporation.

(b) A member may vote in person or, unless the articles of incorporation or the bylaws otherwise provide, may vote by proxy executed in writing by the member or his duly authorized attorney-in-fact. No proxy shall be valid after eleven months from the date of its execution, unless otherwise provided in the proxy. Where the articles of incorporation or the bylaws so provide, voting on all matters, including the election of directors or officers where they are to be elected by the members, may be conducted by mail.

(c) The articles of incorporation or the bylaws may provide that in all elections for directors every member entitled to vote shall have the right to cumulate his vote and to give one candidate a number of votes equal to his vote multiplied by the number of directors to be elected, or by distributing such votes on the same principle among any number of such candidates.

(d) If a corporation has no members or if the members have no right to vote, the directors shall have the sole voting power and shall have all of the authority and may take any action herein permitted members.

QUORUM

SEC. 17. (a) The bylaws may provide the number or percentage of members entitled to vote represented in person or by proxy, or the number or percentage of votes represented in person or by proxy, which shall constitute a quorum at a meeting of members. In the absence of any such provision, members having at least one-tenth of

the votes entitled to be cast represented in person or by proxy shall constitute a quorum. The affirmative vote of a majority of the votes entitled to be cast by the members present or represented by proxy at a meeting at which a quorum is present, shall be necessary for the adoption of any matter voted upon by the members, unless a greater proportion is required by this Act, the articles of incorporation or the bylaws.

(b) Unless otherwise provided by the articles of incorporation or the bylaws, the members present at a duly organized meeting may continue to do business until adjournment, notwithstanding the withdrawal of enough members to leave less than a quorum.

(c) If a meeting cannot be organized because a quorum has not attended, those present may adjourn the meeting from time to time until a quorum is present, when any business may be transacted that may have been transacted at the meeting as originally called.

### BOARD OF DIRECTORS

SEC. 18. The affairs of a corporation shall be managed by a board of directors. Directors need not be residents of the District of Columbia or members of the corporation unless the articles of incorporation or the bylaws so require. The articles of incorporation or the bylaws may prescribe other qualifications for directors.

### NUMBER, ELECTION, CLASSIFICATION, AND REMOVAL OF DIRECTORS

SEC. 19. (a) The number of directors of a corporation shall be not less than three. Subject to such limitation, the number of directors shall be fixed by the bylaws, except as to the number of the first board of directors which number shall be fixed by the articles of incorporation. The number of directors may be increased or decreased from time to time by amendment to the bylaws, unless the articles of incorporation provide that a change in the number of directors shall be made only by amendment of the articles of incorporation. No decrease in number shall have the effect of shortening the term of any incumbent director. In the absence of a bylaw fixing the number of directors, the number shall be the same as that stated in the articles of incorporation.

(b) The names and addresses of the members of the first board of directors shall be stated in the articles of incorporation. Such persons shall hold office until the first annual election of directors or for such other period as may be specified in the articles of incorporation or the bylaws. Thereafter, directors shall be elected or appointed in the manner and for the terms provided in the articles of incorporation or the bylaws. In the absence of a provision fixing the term of office, the term of office of a director shall be one year.

(c) Directors may be divided into classes and the terms of office of the several classes need not be uniform. Each director shall hold office for the term for which he is elected or appointed and until his successor shall have been elected or appointed and qualified, except in the case of ex officio directors.

(d) A director may be removed from office pursuant to any procedure therefor provided in the articles of incorporation or the bylaws, and if none be provided may be removed at a meeting called expressly for that purpose, with or without cause, by such vote as would suffice for his election.

VACANCIES

SEC. 20. Any vacancy occurring in the board of directors and any directorship to be filled by reason of an increase in the number of directors may be filled by the affirmative vote of a majority of the then members of the board of directors, though less than a quorum of the board, unless the articles of incorporation or the bylaws provide that a vacancy or directorship so created shall be filled in some other manner, in which case such provision shall control. A director elected or appointed, as the case may be, to fill a vacancy shall be elected or appointed for the unexpired term of his predecessor in office.

QUORUM OF DIRECTORS

SEC. 21. A majority of the number of directors fixed by the bylaws, or in the absence of a bylaw fixing the number of directors, then of the number stated in the articles of incorporation, shall constitute a quorum for the transaction of business, unless otherwise provided in the articles of incorporation or the bylaws; but in no event shall a quorum consist of less than one-third of the number of directors so fixed or stated. The act of the majority of the directors present at a meeting at which a quorum is present shall be the act of the board of directors, unless the act of a greater number is required by this Act or by the articles of incorporation or the bylaws.

COMMITTEES

SEC. 22. If the articles of incorporation or the bylaws so provide, the board of directors, by resolution adopted by a majority of the directors in office, may designate and appoint one or more committees, each of which shall consist of two or more directors, which committees, to the extent provided in said resolution, in the articles of incorporation or in the bylaws of the corporation, shall have and exercise the authority of the board of directors in the management of the corporation. Other committees not having and exercising the authority of the board of directors in the management of the corporation may be designated and appointed by a resolution adopted by a majority of the directors present at a meeting at which a quorum is present. The designation and appointment of any such committee and the delegation thereto of authority shall not operate to relieve the board of directors, or any individual director, of any responsibility imposed upon it or him by law.

PLACE AND NOTICE OF DIRECTORS' MEETINGS

SEC. 23. Meetings of the board of directors, regular or special, may be held at such place within or without the District of Columbia, and upon such notice as may be prescribed in the bylaws or, where not inconsistent with the bylaws, by resolution of the board of directors. A director's attendance at any meeting shall constitute waiver of notice of such meeting, excepting such attendance at a meeting by a director for the purpose of objecting to the transaction of business because the meeting is not lawfully called or convened. Neither the business to be transacted at, nor the purpose of, any regular or special meeting of the board of directors need be specified in the notice or waiver of notice of such meeting, unless otherwise provided in the articles of incorporation or the bylaws.

#### OFFICERS

Sec. 24. (a) The officers of a corporation shall consist of a president, a secretary, and a treasurer, and may include one or more vice presidents and such other officers and assistant officers as may be deemed necessary, each of whom shall be elected or appointed at such time and in such manner and for such terms not exceeding three years as may be prescribed in the articles of incorporation or the bylaws. In the absence of any such provision, all officers shall be elected or appointed annually by the board of directors. If the bylaws so provide, any two or more offices may be held by the same person, except the offices of president and secretary.

(b) The articles of incorporation or the bylaws may provide that any one or more officers of the corporation or other organizations shall be ex officio members of the board of directors.

(c) The officers of a corporation may be designated by such other titles as may be provided in the articles of incorporation or the bylaws.

(d) All officers and agents of the corporation, as between themselves and the corporation, shall have such authority and perform such duties in the management of the property and affairs of the corporation as may be provided in the bylaws, or as may be determined by resolution of the board of directors not inconsistent with the bylaws.

#### REMOVAL OF OFFICERS

Sec. 25. Any officer or agent elected or appointed may be removed by the persons authorized to elect or appoint such officer or agent whenever in their judgment the best interest of the corporation will be served thereby, but such removal shall be without prejudice to the contract rights, if any, of the person so removed. Election or appointment of an officer or agent shall not itself create contract rights.

#### BOOKS AND RECORDS

Sec. 26. Each corporation shall keep correct and complete books and records of account and shall keep minutes of the proceedings of its members, board of directors, and committees having any of the authority of the board of directors; and shall keep at its registered office or principal office in the District of Columbia a record of the names and addresses of its members entitled to vote. All books and records of a corporation may be inspected by any member having voting rights, or his agent or attorney, for any proper purpose at any reasonable time.

#### SHARES OF STOCK AND DIVIDENDS PROHIBITED

Sec. 27. A corporation shall not authorize or issue shares of stock. No dividend shall be paid and no part of the income of a corporation shall be distributed to its members, directors, or officers. A corporation may pay compensation, including pensions, in a reasonable amount to its members, directors, or officers for services rendered, may confer benefits upon its members in conformity with its purposes, and upon dissolution or final liquidation may make distributions to its members or others as permitted by this Act.

#### LOANS TO DIRECTORS AND OFFICERS PROHIBITED

Sec. 28. No loans shall be made by a corporation to its directors or officers. The directors of a corporation who vote for or assent to the making of a loan to a director or officer of the corporation, and any officer or officers participating in the making of such a loan, shall be

jointly and severally liable to the corporation for the amount of such loan until the repayment thereof.

### INCORPORATORS

Sec. 29. Three or more natural persons of the age of twenty-one years or more may act as incorporators of a corporation by signing, verifying, and delivering in duplicate to the Commissioners articles of incorporation for such corporation.

### ARTICLES OF INCORPORATION

Sec. 30. (a) The articles of incorporation shall set forth—

(1) the name of the corporation;

(2) the period of duration, which may be perpetual;

(3) the purpose or purposes for which the corporation is organized;

(4) if the corporation is to have no members, a statement to that effect;

(5) if the corporation is to have one or more classes of members, any provision which the incorporators elect to set forth in the articles of incorporation designating the class or classes of members, stating the qualifications and rights of the members of each class and conferring, limiting, or denying the right to vote;

(6) if the directors or any of them are not to be elected or appointed by one or more classes of members, a statement of the manner in which such directors shall be elected or appointed; or that the manner of such election or appointment of such directors shall be provided in the bylaws;

(7) any provisions, not inconsistent with law, which the incorporators elect to set forth in the articles of incorporation for the regulation of the internal affairs of the corporation, including any provision for distribution of assets on dissolution or final liquidation and any provision which under this Act is required or permitted to be set forth in the bylaws;

(8) the address, including street and number, if any, of its initial registered office, and the name of its initial registered agent at such address;

(9) the number of directors constituting the initial board of directors, and the names and addresses, including street and number, if any, of the persons who are to serve as the initial directors until the first annual meeting or until their successors be elected and qualify;

(10) the name and address, including street and number, if any, of each incorporator.

(b) It shall not be necessary to set forth in the articles of incorporation any of the corporate powers enumerated in this Act.

(c) Unless the articles of incorporation provide that a change in the number of directors shall be made only by amendment to the articles of incorporation, a change in the number of directors made by amendment to the bylaws shall be controlling. Whenever a provision of the articles of incorporation is inconsistent with a bylaw, the provision of the articles of incorporation shall be controlling.

### FILING OF ARTICLES OF INCORPORATION

Sec. 31. (a) Duplicate originals of the articles of incorporation shall be delivered to the Commissioners.

(b) If the Commissioners find that the articles of incorporation conform to law, they shall, when all fees and charges have been paid as in this Act prescribed—

(1) endorse on each of such duplicate originals the word "Filed" and the month, day, and year of filing thereof;

(2) file one of such duplicate originals in their office;

(3) issue a certificate of incorporation to which they shall affix the other duplicate original;

(4) deliver the certificate of incorporation, together with the duplicate original of the articles of incorporation affixed thereto, to the incorporators or their representative.

EFFECT OF ISSUANCE OF CERTIFICATE OF INCORPORATION

SEC. 32. Upon the issuance of the certificate of incorporation, the corporate existence shall begin, and such certificate of incorporation shall be conclusive evidence that all conditions precedent required to be performed by the incorporators have been complied with and that the corporation has been incorporated under this Act, except as against the District of Columbia in a proceeding to cancel or revoke the certificate of incorporation.

ORGANIZATION MEETINGS

SEC. 33. (a) After the issuance of the certificate of incorporation an organization meeting of the board of directors named in the articles of incorporation shall be held within the United States at the call of a majority of the directors so named for the purpose of adopting bylaws (unless the power to adopt bylaws has been reserved by the articles of incorporation to the members, in which event the bylaws shall be adopted by the members), electing officers, and the transaction of such other business as may come before the meeting. The directors calling the meeting shall give at least five days' notice thereof by mail to each director so named, which notice shall state the time and place of the meeting: *Provided, however,* That if all the directors shall waive notice in writing and fix a time and place for said organization meeting no notice shall be required of such meeting.

(b) A first meeting of the members may be held at the call of the directors, or a majority of them, upon at least five days' notice, for such purposes as shall be stated in the notice of meeting.

RIGHT TO AMEND ARTICLES OF INCORPORATION

SEC. 34. A corporation may amend its articles of incorporation, from time to time, in any and as many respects as may be desired: *Provided,* That its articles of incorporation as amended contain only such provisions as might be lawfully contained in original articles of incorporation if made at the time of making such amendment.

PROCEDURE TO AMEND ARTICLES OF INCORPORATION

SEC. 35. Amendments to the articles of incorporation shall be made in the following manner:

(a) Where there are members having voting rights, the board of directors shall adopt a resolution setting forth the proposed amendment and directing that it be submitted to a vote at a meeting of members having voting rights, which may be either an annual or a special meeting.

(b) Written or printed notice setting forth the proposed amendment or a summary of the changes to be effected thereby shall be given to each member entitled to vote at such meeting within the time and in the manner provided in this Act for the giving of notice of meetings of members. If the meeting be an

annual meeting, the proposed amendment or such summary shall be included in the notice of such annual meeting.

(c) The proposed amendment shall be adopted upon receiving the affirmative vote of at least two-thirds of the votes entitled to be cast by members present or represented by proxy at such meeting.

(d) Where there are no members, or no members having voting rights, an amendment shall be adopted at a meeting of the board of directors upon receiving the vote of a majority of the directors in office.

(e) Any number of amendments may be submitted and voted upon at any one meeting.

## ARTICLES OF AMENDMENT

SEC. 36. The articles of amendment shall be executed in duplicate by the corporation by its president or a vice president, and the corporate seal shall be thereto affixed, attested by its secretary or an assistant secretary, and shall set forth—

(a) the name of the corporation;

(b) the amendment so adopted;

(c) where there are members having voting rights, (1) a statement setting forth the date of the meeting of members at which the amendment was adopted, that a quorum was present at such meeting, and that such amendment received at least two-thirds of the votes entitled to be cast by members present or represented by proxy at such meeting, or (2) a statement that such amendment was adopted by a consent in writing signed by all members entitled to vote with respect thereto;

(d) where there are no members, or no members having voting rights, a statement of such fact, the date of the meeting of the board of directors at which the amendment was adopted, and a statement of the fact that such amendment received the vote of a majority of the directors in office.

## FILING OF ARTICLES OF AMENDMENT

SEC. 37. (a) Duplicate originals of the articles of amendment shall be delivered to the Commissioners.

(b) If the Commissioners find that the articles of amendment conform to law, they shall, when all fees and charges have been paid as in this Act prescribed—

(1) endorse on each of such duplicate originals the word "Filed", and the month, day, and year of the filing thereof;

(2) file one of such duplicate originals in their office;

(3) issue a certificate of amendment to which they shall affix the other duplicate original;

(4) deliver the certificate of amendment, together with the duplicate original of the articles of amendment affixed thereto, to the corporation or its representative.

## EFFECT OF CERTIFICATE OF AMENDMENT

SEC. 38. (a) Upon the issuance of the certificate of amendment, the amendment shall become effective and the articles of incorporation shall be deemed to be amended accordingly.

(b) No amendment shall affect any existing cause of action in favor of or against such corporation, or any pending suit to which such corporation shall be a party, or the existing rights of persons other than members; and, in the event the corporate name shall be changed

by amendment, no suit brought by or against such corporation under its former name shall abate for that reason.

### PROCEDURE FOR MERGER

Sec. 39. Any two or more domestic corporations subject to the provisions of this Act may merge into one of such corporations in the following manner:

The board of directors of each corporation shall, by resolution adopted by a majority vote of the members of each such board, approve a plan of merger setting forth—

(a) the names of the corporations proposing to merge, and the name of the corporation into which they propose to merge, which is hereinafter designated as the surviving corporation;

(b) the terms and conditions of the proposed merger;

(c) a statement of any changes in the articles of incorporation of the surviving corporation to be effected by such merger;

(d) such other provisions with respect to the proposed merger as are deemed necessary or desirable.

### PROCEDURE FOR CONSOLIDATION

Sec. 40. Any two or more domestic corporations subject to the provisions of this Act may consolidate into a new corporation in the following manner:

The board of directors of each corporation shall, by resolution adopted by a majority vote of the members of each such board, approve a plan of consolidation setting forth—

(a) the names of the corporations proposing to consolidate, and the name of the new corporation into which they propose to consolidate, which is hereinafter designated as the new corporation;

(b) the terms and conditions of the proposed consolidation;

(c) with respect to the new corporation, all of the statements required to be set forth in articles of incorporation for corporations organized under this Act;

(d) such other provisions with respect to the proposed consolidation as are deemed necessary or desirable.

### APPROVAL OF MERGER OR CONSOLIDATION

Sec. 41. A plan of merger or consolidation shall be approved in the following manner:

(a) Where the members of any merging or consolidating corporation have voting rights, the board of directors of such corporation shall adopt a resolution approving the proposed plan and directing that it be submitted to a vote at a meeting of members having voting rights, which may be either an annual or a special meeting.

(b) Written or printed notice setting forth the proposed plan or a summary thereof shall be given to each member entitled to vote at such meeting within the time and in the manner provided in this Act for the giving of notice of meetings of members.

(c) At each such meeting, a vote of the members shall be taken on the proposed plan of merger or consolidation. The plan of merger or consolidation shall be approved upon receiving the affirmative vote of at least two-thirds of the votes entitled to be cast by members present or represented by proxy at such meeting.

(d) Where any merging or consolidating corporation has no members, or no members having voting rights, a plan of merger or consolidation shall be adopted at a meeting of the board of direc-

tors of such corporation upon receiving the vote of a majority of
the directors in office.

(e) After such approval, and at any time prior to the filing of
the articles of merger or consolidation, the merger or consolida-
tion may be abandoned pursuant to provisions therefor, if any, set
forth in the plan of merger or consolidation.

### ARTICLES OF MERGER OR CONSOLIDATION

SEC. 42. (a) Upon such approval, articles of merger or articles of
consolidation shall be executed in duplicate by each corporation by its
president or a vice president, and the corporate seal of each such cor-
poration shall be thereto affixed, attested by its secretary or an assist-
ant secretary, and shall set forth—

(1) the plan of merger or the plan of consolidation;

(2) where the members of any merging or consolidating cor-
poration have voting rights, then as to each such corporation (a)
a statement setting forth the date of the meeting of members at
which the plan was approved, that a quorum was present at such
meeting, and that such plan received at least two-thirds of the
votes entitled to be cast by members present or represented by
proxy at such meeting, or (b) a statement that such amendment
was approved by a consent in writing signed by all members
entitled to vote with respect thereto;

(3) where any merging or consolidating corporation has no
members, or no members having voting rights, then as to each
such corporation a statement of such fact, the date of the meeting
of the board of directors at which the plan was approved and a
statement of the fact that such plan received the vote of a major-
ity of the directors in office.

(b) Duplicate originals of the articles of merger or articles of con-
solidation shall be delivered to the Commissioners.

(c) If the Commissioners find that such articles conform to law, they
shall, when all fees and charges have been paid as in this Act
prescribed—

(1) endorse on each of such duplicate originals the word
"Filed", and the month, day, and year of the filing thereof;

(2) file one of such duplicate originals in their office;

(3) issue a certificate of merger or a certificate of consolida-
tion to which they shall affix the other duplicate original;

(4) deliver the certificate of merger or certificate of consolida-
tion, together with the duplicate original of the articles of merger
or articles of consolidation affixed thereto, to the surviving or new
corporation, as the case may be, or its representative.

### EFFECTIVE DATE OF THE MERGER OR CONSOLIDATION

SEC. 43. Upon the issuance of the certificate of merger, or the
certificate of consolidation by the Commissioners, the merger or con-
solidation shall be effected.

### EFFECT OF MERGER OR CONSOLIDATION

SEC. 44. When such merger or consolidation has been effected—

(a) the several corporations parties to the plan of merger or
consolidation shall be a single corporation, which, in the case of
a merger, shall be that corporation designated in the plan of
merger as the surviving corporation, and, in the case of a con-
solidation, shall be the new corporation provided for in the plan
of consolidation;

(b) the separate existence of all corporations parties to the plan of merger or consolidation, except the surviving or new corporation, shall cease;

(c) such surviving or new corporation, as the case may be, shall have all the rights, privileges, immunities, and powers and shall be subject to all the duties and liabilities of a corporation organized under this Act;

(d) such surviving or new corporation shall thereupon and thereafter possess all the rights, privileges, immunities, and franchises, as well of a public as of a private nature, of each of the merging or consolidating corporations; and all property— real, personal, and mixed—and all debts due on whatever account, and all other choses in action, and all and every other interest, of or belonging to or due to each of the corporations so merged or consolidated, shall be taken and deemed to be transferred to and vested in such single corporation without further act or deed; and the title to any real estate or other property, or any interest therein, vested in any of such corporations shall not revert unless required by the terms of the gift, bequest, or devise, or be in any way impaired by reason of such merger or consolidation;

(e) such surviving or new corporation shall thenceforth be responsible and liable for all the liabilities and obligations of each of the corporations so merged or consolidated; and any claim existing or action or proceeding pending by or against any of such corporations may be prosecuted to judgment as if such merger or consolidation had not taken place, or such surviving or new corporation may be substituted in its place. Neither the rights of creditors nor any liens upon the property of any such corporation shall be impaired by such merger or consolidation;

(f) in the case of a merger, the articles of incorporation of the surviving corporation shall be deemed to be amended to the extent, if any, that changes in its articles of incorporation are stated in the articles of merger; and, in the case of a consolidation, the statements set forth in the articles of consolidation and which are required or permitted to be set forth in the articles of incorporation of corporations organized under this Act shall be deemed to be the articles of incorporation of the new corporation.

MERGER OR CONSOLIDATION OF DOMESTIC AND FOREIGN CORPORATIONS

SEC. 45. One or more foreign corporations and one or more domestic corporations may be merged or consolidated if permitted by the laws of the State or country under which each such foreign corporation is organized.

(a) Each domestic corporation shall comply with the provisions of this Act with respect to the merger or consolidation, as the case may be, of domestic corporations and each foreign corporation shall comply with the applicable provisions of the laws of the State or country under which it is organized.

(b) If the surviving or new corporation, as the case may be, is to be governed by the laws of any State or country other than the District of Columbia, it shall comply with the provisions of this Act with respect to foreign corporations if it is to carry on its affairs in the District of Columbia, and in every case it shall deliver to the Commissioners, who shall file—

(1) an agreement that it may be served with process in the District of Columbia in any proceeding for the enforcement of any obligation of any domestic corporation which is a party to such merger or consolidation;

(2) an irrevocable appointment of the Commissioners of the District of Columbia as its agent to accept service of process in any such proceeding; and

(3) a post office address to which the Commissioners may mail a copy of any service of process, notice, or demand against the corporation that may be served on them.

(c) The effect of such merger or consolidation shall be the same as in the case of the merger or consolidation of domestic corporations, if the surviving or new corporation is to be governed by the laws of the District of Columbia. If the surviving or new corporation is to be governed by the laws of any jurisdiction other than the District of Columbia, the effect of such merger or consolidation shall be the same as in the case of the merger or consolidation of domestic corporations except insofar as the laws of such other jurisdiction provide otherwise.

SALE, LEASE, EXCHANGE, OR MORTGAGE OF ASSETS

Sec. 46. A sale, lease, exchange, mortgage, pledge, or other disposition of all, or substantially all, the property and assets of a corporation may be made upon such terms and conditions and for such consideration, which may consist in whole or in part of money or property, real or personal, including shares of any corporation for profit, domestic or foreign, as may be authorized in the following manner:

(a) Where there are members having voting rights, the board of directors shall adopt a resolution recommending such sale, lease, exchange, mortgage, pledge, or other disposition and directing the submission thereof to a vote at a meeting of members having voting rights, which may be either an annual or a special meeting.

(b) Written or printed notice stating that the purpose, or one of the purposes, of such meeting is to consider the sale, lease, exchange, mortgage, pledge, or other disposition of all, or substantially all, the property and assets of the corporation shall be given to each member entitled to vote at such meeting, within the time and in the manner provided by this Act for the giving of notice of meetings of members.

(c) At such meeting the members may authorize such sale, lease, exchange, mortgage, pledge, or other disposition and may fix, or may authorize the board of directors to fix, any or all of the terms and conditions thereof and the consideration to be received by the corporation therefor. Such authorization shall require the vote of at least two-thirds of the votes entitled to be cast by members present or represented by proxy at such meeting.

(d) After such authorization by a vote of members, the board of directors, nevertheless, in its discretion, may abandon such sale, lease, exchange, mortgage, pledge, or other disposition of assets, subject to the rights of third parties under any contracts relating thereto, without further action or approval by members.

(e) Where there are no members, or no members having voting rights, a sale, lease, exchange, mortgage, pledge, or other disposition of all, or substantially all, the property and assets of a corporation shall be authorized upon receiving the vote of a majority of the directors in office.

## VOLUNTARY DISSOLUTION

Sec. 47. A corporation may dissolve and wind up its affairs in the following manner:

(a) Where there are members having voting rights, the board of directors shall adopt a resolution recommending that the corporation be dissolved, and directing that the question of such dissolution be submitted to a vote at a meeting of members having voting rights, which may be either an annual or a special meeting. Written or printed notice stating that the purpose, or one of the purposes, of such meeting is to consider the advisability of dissolving the corporation, shall be given to each member entitled to vote at such meeting, within the time and in the manner provided in this Act for the giving of notice of meetings of members.  A resolution to dissolve the corporation shall be adopted upon receiving at least two-thirds of the votes entitled to be cast by members present or represented by proxy at such meeting.

(b) Where there are no members, or no members having voting rights, the dissolution of the corporation shall be authorized at a meeting of the board of directors upon the adoption of a resolution to dissolve by the vote of a majority of the directors in office.

(c) Upon the adoption of such resolution by the members, or by the board of directors where there are no members or no members having voting rights, the corporation shall cease to conduct its affairs except in so far as may be necessary for the winding up thereof, shall immediately cause a notice of the proposed dissolution to be mailed to each known creditor of the corporation, and shall proceed to collect its assets and apply and distribute them as provided in this Act.

## DISTRIBUTION OF ASSETS

Sec. 48. The assets of a corporation in the process of dissolution shall be applied and distributed as follows:

(a) All liabilities and obligations of the corporation shall be paid, satisfied, and discharged, or adequate provision shall be made therefor.

(b) Assets held by the corporation upon condition requiring return, transfer, or conveyance, which condition occurs by reason of the dissolution, shall be returned, transferred, or conveyed in accordance with such requirements.

(c) Assets received and held by the corporation subject to limitations permitting their use only for charitable, religious, eleemosynary, benevolent, educational, or similar purposes, but not held upon a condition requiring return, transfer, or conveyance by reason of the dissolution, shall be transferred or conveyed to one or more domestic or foreign corporations, societies, or organizations engaged in activities substantially similar to those of the dissolving corporation, pursuant to a plan of distribution adopted as provided in this Act.

(d) Other assets, if any, shall be distributed in accordance with the provisions of the articles of incorporation or the bylaws to the extent that the articles of incorporation or bylaws determine the distributive rights of members, or any class or classes of members, or provide for distribution to others.

(e) Any remaining assets may be distributed to such persons, societies, organizations, or domestic or foreign corporations, whether for profit or not for profit, as may be specified if a plan of distribution adopted as provided in this Act.

PLAN OF DISTRIBUTION

SEC. 49. A plan providing for the distribution of assets, not inconsistent with the provisions of this Act, may be adopted by a corporation in the process of dissolution and shall be adopted by a corporation for the purpose of authorizing any transfer or conveyance of assets for which this Act requires a plan of distribution, in the following manner:

(a) Where there are members having voting rights the board of directors shall adopt a resolution recommending a plan of distribution and directing that the plan be submitted to a vote at a meeting of members having voting rights, which may be either an annual or a special meeting. Written or printed notice setting forth the proposed plan of distribution or a summary thereof shall be given to each member entitled to vote at such meeting, within the time and in the manner provided in this Act for the giving of notice of meetings of members. Such plan of distribution shall be adopted upon receiving at least two-thirds of the votes entitled to be cast by members present or represented by proxy at such meeting.

(b) Where there are no members, or no members having voting rights, a plan of distribution shall be adopted at a meeting of the board of directors upon receiving the vote of a majority of the directors in office.

REVOCATION OF VOLUNTARY DISSOLUTION PROCEEDINGS

SEC. 50. A corporation may, at any time prior to the issuance of a certificate of dissolution by the Commissioners, as hereinafter provided, revoke the action theretofore taken to dissolve the corporation, in the following manner:

(a) Where there are members having voting rights, the board of directors shall adopt a resolution recommending that the voluntary dissolution proceedings be revoked, and directing that the question of such revocation be submitted to a vote at a meeting of members having voting rights, which may be either an annual or a special meeting. Written or printed notice stating that the purpose, or one of the purposes, of such meeting is to consider the advisability of revoking the voluntary dissolution proceedings, shall be given to each member entitled to vote at such meeting, within the time and in the manner provided in this Act for the giving of notice of meetings of members. A resolution to revoke the voluntary dissolution proceedings shall be adopted upon receiving at least two-thirds of the votes entitled to be cast by members present or represented by proxy at such meeting.

(b) Where there are no members, or no members having voting rights, a resolution to revoke the voluntary dissolution proceedings shall be adopted at a meeting of the board of directors upon receiving the vote of a majority of the directors in office.

(c) Upon the adoption of such resolution by the members, or by the board of directors where there are no members or no members having voting rights, the corporation may thereupon again conduct its affairs. If the articles of dissolution have been delivered to the Commissioners, notice of such revocation shall be given to them in writing.

ARTICLES OF DISSOLUTION

SEC. 51. If voluntary dissolution proceedings have not been revoked, when all debts, liabilities, and obligations of the corporation shall have been paid and discharged, or adequate provisions shall have been made therefor, and all of the remaining property and assets of the corporation shall have been transferred, conveyed, or distributed in accordance with the provisions of this Act, articles of dissolution shall be executed in duplicate by the corporation by its president or a vice president, and the corporate seal shall be thereto affixed and attested by its secretary or an assistant secretary, and such statement shall set forth—

(a) the name of the corporation;

(b) where there are members having voting rights—

(1) a statement setting forth the date of the meeting of members at which the resolution to dissolve was adopted, that a quorum was present at such meeting, and that such resolution received at least two-thirds of the votes entitled to be cast by members present or represented by proxy at such meeting, or

(2) a statement that such resolution was adopted by a consent in writing signed by all members entitled to vote with respect thereto;

(c) where there are no members, or no members having voting rights, a statement of such fact, the date of the meeting of the board of directors at which the resolution to dissolve was adopted and a statement of the fact that such resolution received the vote of a majority of the directors in office;

(d) that all debts, liabilities, and obligations of the corporation have been paid and discharged or that adequate provision has been made therefor;

(e) that all the remaining property and assets of the corporation have been transferred, conveyed, or distributed in accordance with the provisions of this Act;

(f) that there are no suits pending against the corporation in any court, or that adequate provision has been made for the satisfaction of any judgment, order, or decree which may be entered against it in any pending suit.

FILING OF ARTICLES OF DISSOLUTION

SEC. 52. (a) Duplicate originals of such articles of dissolution shall be delivered to the Commissioners.

(b) If the Commissioners find that such articles of dissolution conform to law, they shall, when all fees and charges have been paid as in this Act prescribed—

(1) endorse on each of such duplicate originals the word "Filed", and the month, day, and year of the filing thereof;

(2) file one of such duplicate originals in their office;

(3) issue a certificate of dissolution to which they shall affix the other duplicate original;

(4) deliver the certificate of dissolution, together with the duplicate original of the articles of dissolution affixed thereto, to the representative of the dissolved corporation.

(c) Upon the issuance of such certificate of dissolution the existence of the corporation shall cease, except for the purpose of suits, other proceedings, and appropriate corporate action by members, directors, and officers as provided in this Act.

INVOLUNTARY DISSOLUTION

SEC. 53. (a) A corporation may be dissolved involuntarily by a decree of the court in an action instituted by the Commissioners in the name of the District of Columbia when it is made to appear to the court that—

(1) the franchise of the corporation was procured through fraud; or

(2) the corporation has continued to exceed or abuse the authority conferred upon it by this Act; or

(3) the corporation has failed for ninety days to appoint and maintain a registered agent as provided in this Act; or

(4) the corporation has failed for ninety days after change of its registered office or registered agent to deliver to the Commissioners a statement of such change.

(b) At least thirty days before any action for the involuntary dissolution of a corporation shall be filed by the Commissioners, they shall notify the corporation by certified or registered mail addressed to such corporation at its registered office a notice of their intention to file such suit and the reason therefor. If, before action is filed, the corporation as the case may be shall submit satisfactory evidence that said franchise was not procured through fraud or that the corporation has not exceeded or abused such authority or shall appoint or maintain a registered agent as provided in this Act, or deliver to the Commissioners the required statement of change of registered agent, the Commissioners shall not file an action against such corporation for such cause. If, after action is filed, for a reason stated in paragraph (3) or (4) of the preceding subsection the corporation shall as the case may be appoint or maintain a registered agent as provided in this Act, or shall deliver to the Commissioners the required statement of change of registered agent, and shall pay the costs of such action, the action for such cause shall abate.

VENUE AND PROCESS

SEC. 54. In every action for the involuntary dissolution of a corporation hereinbefore provided, summons shall issue and be served as in other civil actions. In case a return is made thereon that no officer or agent of such corporation can be found within the territorial limits of the District of Columbia, then the Commissioners shall cause publication to be made in some newspaper of general circulation published in the District of Columbia, containing a notice of the pendency of such action, the title of the court, the names of the parties thereto, and the date on or after which default may be entered. The Commissioners shall cause a copy of such notice to be mailed by registered or certified mail to the corporation at its registered office within ten days after the first publication thereof. The certificate of the Commissioners of the mailing of such notice shall be prima facie evidence thereof. Such notice shall be published at least once each week for two successive weeks, and the first publication thereof may begin at any time after the summons has been returned. Unless a corporation shall have been served with summons, no default shall be taken against it earlier than thirty days after the first publication of such notice. The cost of publication of such notice shall be paid by the Commissioners, unless the decree is against the corporation and such cost is collected from it.

JURISDICTION OF COURT TO LIQUIDATE ASSETS AND AFFAIRS OF
CORPORATION

SEC. 55. The United States District Court for the District of Columbia shall have full power to liquidate the assets and affairs of a corporation—

(a) in any action by a member or director when it is made to appear—

(1) that the directors are deadlocked in the management of the corporate affairs and that irreparable injury to the corporation is being suffered or is threatened by reason thereof, and either that the members are unable to break the deadlock or there are no members having voting rights; or

(2) that the acts of the directors or those in control of the corporation are illegal, oppressive, or fraudulent; or

(3) that the corporate assets are being misapplied or wasted; or

(4) that the corporation is unable to carry out its purposes;

(b) in an action by a creditor—

(1) when the claim of the creditor has been reduced to judgment and an execution thereon has been returned unsatisfied and it is established that the corporation is insolvent; or

(2) when the corporation has admitted in writing that the claim of the creditor is due and owing and it is established that the corporation is insolvent;

(c) upon application by a corporation to have its dissolution continued under the supervision of the court;

(d) when an action has been commenced by the Commissioners to dissolve a corporation and it is made to appear that liquidation of its affairs should precede the entry of a decree of dissolution;

(e) it shall not be necessary to make directors or members parties to any such action or proceeding unless relief is sought against them personally.

PROCEDURE IN LIQUIDATION OF CORPORATION BY COURT

SEC. 56. (a) In proceedings to liquidate the assets and affairs of a corporation the court shall have the power to issue injunctions, to appoint a receiver or receivers pendente lite, with such powers and duties as the court, from time to time, may direct, and to take such other proceedings as may be requisite to preserve the corporate assets wherever situated, and carry on the affairs of the corporation until a full hearing can be had.

(b) After a hearing had upon such notice as the court may direct to be given to all parties to the proceedings and to any other parties in interest designated by the court, the court may appoint a liquidating receiver or receivers with authority to collect the assets of the corporation. Such liquidating receiver or receivers shall have authority, subject to the order of the court, to sell, convey, and dispose of all or any part of the assets of the corporation wherever situated, either at public or private sale. The order appointing such liquidating receiver or receivers shall state their powers and duties. Such powers and duties may be increased or diminished at any time during the proceedings.

(c) The assets of the corporation or the proceeds resulting from a sale, conveyance, or other disposition thereof shall be applied and distributed as follows:

(1) All costs and expenses of the court proceedings and all liabilities and obligations of the corporation shall be paid, satisfied, and discharged, or adequate provision shall be made therefor;

(2) Assets held by the corporation upon condition requiring return, transfer, or conveyance, which condition occurs by reason of the dissolution or liquidation, shall be returned, transferred, or conveyed in accordance with such requirements;

(3) Assets received and held by the corporation subject to limitations permitting their use only for charitable, religious, eleemosynary, benevolent, educational, or similar purposes, but not held upon a condition requiring return, transfer, or conveyance by reason of the dissolution or liquidation, shall be transferred or conveyed to one or more domestic or foreign corporations, societies, or organizations engaged in activities substantially similar to those of the dissolving or liquidating corporation as the court may direct;

(4) Other assets, if any, shall be distributed in accordance with the provisions of the articles of incorporation or the bylaws to the extent that the articles of incorporation or bylaws determine the distributive rights of members or any class or classes of members, or provide for distribution to others;

(5) Any remaining assets may be distributed to such persons, societies, organizations, or domestic or foreign corporations, whether for profit or not for profit, specified in the plan of distribution adopted as provided in this Act, or where no plan of distribution has been adopted, as the court may direct.

(d) The court shall have power to allow, from time to time, as expenses of the liquidation, compensation to the receiver or receivers and to attorneys in the proceeding, and to direct the payment thereof out of the assets of the corporation or the proceeds of any sale or disposition of such assets.

(e) A receiver of a corporation appointed under the provisions of this section shall have authority to sue and defend in all courts in his own name as receiver of such corporation. The court appointing such receiver shall, for the purposes of this Act, have exclusive jurisdiction of the corporation and its property, wherever situated.

### QUALIFICATION OF RECEIVERS

Sec. 57. A receiver shall in all cases be a citizen of the United States or a corporation for profit authorized to act as receiver, which corporation may be a domestic corporation or a foreign corporation authorized to transact business in the District of Columbia, and shall in all cases give such bond as the court may direct with such sureties as the court may require.

### FILING OF CLAIMS IN LIQUIDATION PROCEEDINGS

Sec. 58. In proceedings to liquidate the assets and affairs of a corporation the court may require all creditors of the corporation to file with the clerk of the court or with the receiver, in such form as the court may prescribe, proofs under oath of their respective claims. If the court requires the filing of claims it shall fix a date, which shall be not less than four months from the date of the order, as the last day for the filing of claims, and shall prescribe the notice that shall be

given to creditors and claimants of the date so fixed. Prior to the date so fixed, the court may extend the time for the filing of claims. Creditors and claimants failing to file proofs of claim on or before the date so fixed may be barred, by order of court, from participating in the distribution of the assets of the corporation.

#### DISCONTINUANCE OF LIQUIDATION PROCEEDINGS

Sec. 59. The liquidation of the assets and affairs of a corporation may be discontinued at any time during the liquidation proceedings when it is made to appear that cause for liquidation no longer exists. In such event the court shall dismiss the proceedings and direct the receiver to redeliver to the corporation all its remaining property and assets.

#### DECREE OF DISSOLUTION

Sec. 60. In proceedings to liquidate the assets and affairs of a corporation, when the costs and expenses of such proceedings and all debts, obligations, and liabilities of the corporation shall have been paid and discharged and all of its remaining property and assets distributed in accordance with the provisions of this Act, or in case its property and assets are not sufficient to satisfy and discharge such costs, expenses, debts, and obligations, and all the property and assets have been applied so far as they will go to their payment, the court shall enter a decree dissolving the corporation, whereupon the existence of the corporation shall cease.

#### FILING OF DECREE OF DISSOLUTION

Sec. 61. In case the court shall enter a decree dissolving a corporation, it shall be the duty of the clerk of the court to cause a certified copy of the decree to be delivered to the Commissioners, who shall file the same. No fee shall be charged by the Commissioners for the filing thereof.

#### DEPOSITS IN REGISTRY OF COURT

Sec. 62. Upon the voluntary or involuntary dissolution of a corporation, the portion of the assets distributable to any person who is unknown or cannot be found, or who is under disability and there is no person legally competent to receive such distributive portion, shall be reduced to cash and deposited in the registry of the court and shall be paid over to such person or to his legal representative upon proof satisfactory to the court of his right thereto. If any portion thereof remain in the registry after ten years from the date of deposit, it shall escheat to the District of Columbia and shall be paid into the Treasury of the United States for the credit of the said District.

#### SURVIVAL OF REMEDY AFTER DISSOLUTION

Sec. 63. The dissolution of a corporation or the expiration of its period of duration shall not take away or impair any remedy available to or against such corporation, its directors, officers, or members for any right or claim existing, or any liability incurred, prior to such dissolution if suit or other proceeding thereon is commenced within two years after the date of such dissolution. Any suit or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name. The members, directors, and officers shall have power to take such corporate or other action as shall be appropriate to protect such remedy, right, or claim. If such corpo-

ration was dissolved by the expiration of its period of duration, such
corporation may amend its articles of incorporation at any time dur-
ing such period of two years so as to extend its period of duration.

ADMISSION OF FOREIGN CORPORATION

SEC. 64. (a) A foreign corporation to which this Act is applicable
shall procure a certificate of authority from the Commissioners before
it conducts affairs in the District, but no foreign corporation shall be
entitled to procure a certificate of authority under this Act to con-
duct in the District any affairs which a corporation organized under
this Act is not permitted to conduct. A foreign corporation shall not
be denied a certificate of authority by reason of the fact that the laws
of the state or country under which such corporation is organized
governing its organization and internal affairs differ from the laws
of the District, and nothing in this Act contained shall be construed
to authorize the District to regulate the organization or the internal
affairs of such corporation.

(b) Without excluding other activities which may not constitute
conducting affairs in the District of Columbia, a foreign corporation
shall not be considered to be conducting affairs in the District for
the purposes of this Act, by reason of conducting an isolated trans-
action completed in thirty days and not in the course of a number
of repeated transactions of like nature or by reason of any one or
more of the following activities in the District:

(1) maintaining or defending any action or suit or any admin-
istrative or arbitration proceeding, or effecting the settlement
thereof or the settlement of claims or disputes;

(2) holding meetings of its directors or members or carrying
on other activities concerning its internal affairs;

(3) maintaining bank accounts;

(4) creating evidences of debt, mortgages, or liens on real or
personal property;

(5) collecting its debts, taking security for the same, or enforc-
ing any rights in property securing the same.

POWERS OF FOREIGN CORPORATION

SEC. 65. (a) No foreign corporation to which this Act is applicable
shall conduct in the District any affairs which may not be conducted
by a corporation organized under this Act.

(b) A foreign corporation which shall have received a certificate
of authority under this Act shall, until a certificate of revocation or
of withdrawal shall have been issued as provided in this Act, enjoy
the same rights and privileges as, but no greater rights and privileges
than, a domestic corporation organized for the purposes set forth in
the application pursuant to which such certificate of authority is
issued; and, except as in this Act otherwise provided, shall be subject
to the same duties, restrictions, penalties, and liabilities now or
hereafter imposed upon a domestic corporation of like character.

CORPORATE NAME OF FOREIGN CORPORATION

SEC. 66. No certificate of authority shall be issued to a foreign
corporation—

(a) which has a name the same as, or deceptively similar to,
the name of any domestic corporation, whether for profit or not
for profit, organized under any Act of Congress authorizing the
formation of corporations under the laws of the District of
Columbia or that of any corporation created pursuant to any spe-

cial Act of Congress to transact business or conduct affairs in
the District, or that of any foreign corporation, whether for profit
or not for profit, authorized to transact business or conduct affairs
in the District, or a name, the exclusive right to which is, at the
time, reserved in the manner provided in this Act, or in accord-
ance with the provisions of the District of Columbia Business
Corporation Act;

    (b) unless the corporate name of such corporation is in English, <span style="font-size:small">68 Stat. 177.<br>D. C. Code<br>29-901.</span>
or is transliterated into letters of the English alphabet if it is not
in English.

#### CHANGE OF NAME BY FOREIGN CORPORATION

Sec. 67. Whenever a foreign corporation which is authorized to con-
duct affairs in the District of Columbia shall change its name to one
under which a certificate of authority would not be granted to it on
application therefor, the authority of such corporation shall be sus-
pended and it shall not thereafter conduct any affairs in the District
until it has changed its name to a name which is available to it under
the laws of the District.

#### APPLICATION FOR CERTIFICATE OF AUTHORITY

Sec. 68. A foreign corporation, in order to procure a certificate of
authority to conduct affairs in the District of Columbia, shall make
application therefor to the Commissioners, which application shall
set forth—

    (a) the name of the corporation and the State or country under
the laws of which it is incorporated;

    (b) the date of incorporation and the period of duration of the
corporation;

    (c) the address, including street and number, if any, of the
principal office of the corporation in the State or country under
the laws of which it is incorporated;

    (d) the address, including street and number, if any, of the
proposed registered office of the corporation in the District, and
the name of its proposed registered agent in the District at such
address;

    (e) a brief statement of the purposes it proposes to pursue in
conducting its affairs in the District;

    (f) the names and respective addresses, including street and
number, if any, of the directors and officers of the corporation;

    (g) such additional information as may be necessary or appro-
priate in order to enable the Commissioners to determine whether
such corporation is entitled to a certificate to conduct affairs in
the District.

Such application shall be executed in duplicate by the corporation
by its president or a vice president, and the corporate seal shall be
thereto affixed, attested by its secretary or an assistant secretary.

#### FILING OF APPLICATION FOR CERTIFICATE OF AUTHORITY

Sec. 69. (a) There shall be delivered to the Commissioners—

    (1) duplicate originals of the application of the corporation
for a certificate of authority;

    (2) a copy of its articles of incorporation and all amendments
thereto, duly certified by the proper officer of the State or country
under the laws of which it is incorporated.

(b) If the Commissioners find that such application conforms to
law, they shall, when all fees and charges have been paid as in this Act
prescribed—

(1) endorse on each of such duplicate originals the word "Filed", and the month, day, and year of the filing thereof;

(2) file in their office one of such duplicate originals of the application and the copy of the articles of incorporation and amendments thereto;

(3) issue a certificate of authority to conduct affairs in the District to which they shall affix the other duplicate original application;

(4) deliver the certificate of authority, together with the duplicate original of the application affixed thereto, to the corporation or its representative.

#### EFFECT OF CERTIFICATE OF AUTHORITY

Sec. 70. Upon the issuance of a certificate of authority by the Commissioners, the corporation shall have the right to conduct affairs in the District for those purposes set forth in its application, subject, however, to the right of the District to suspend or to revoke such authority as provided in this Act.

#### REGISTERED OFFICE AND REGISTERED AGENT OF FOREIGN CORPORATION

Sec. 71. Each foreign corporation authorized to conduct affairs in the District shall have and continuously maintain in the District—

(a) a registered office which may be, but need not be, the same as its principal office in the District;

(b) a registered agent, which agent may be either an individual resident in the District whose business office is identical with such registered office, or a domestic corporation, whether for profit or not for profit, or a foreign corporation, whether for profit or not for profit, authorized to transact business or conduct affairs in the District, having a business office identical with such registered office.

#### CHANGE OF REGISTERED OFFICE OR REGISTERED AGENT OF FOREIGN CORPORATION

Sec. 72. (a) The registered office of a corporation or its registered agent, or both, may be changed by delivering to the Commissioners a statement setting forth—

(1) the name of the corporation;

(2) the address, including street and number, if any, of its then registered office;

(3) if the address of its registered office is to be changed, the address, including street and number, if any, to which the registered office is to be changed;

(4) the name of its then registered agent;

(5) if its registered agent is to be changed, the name of its successor registered agent;

(6) that the address of its registered office and the address of the office of its registered agent, as changed, will be identical;

(7) that such change was authorized by resolution duly adopted by its board of directors, or was authorized by an officer of the corporation duly empowered to make such change.

(b) Such statement shall be executed in duplicate by its president or vice president, and the corporate seal shall be thereto affixed, attested by its secretary or an assistant secretary, and shall be delivered to the Commissioners. If the Commissioners find that such state-

ment conforms to law, they shall, when all fees and charges have been
paid as in this Act prescribed—

    (1) endorse on each of such duplicate originals the word
"Filed", and the month, day, and year of the filing thereof;

    (2) file one of such duplicate originals in their office;

    (3) return the other duplicate original to the corporation or
its representative.

(c) The change of address of the registered office, or the change
of registered agent, or both, as the case may be, shall become effective
upon the filing of such statement by the Commissioners.

(d) A foreign corporation shall change its registered agent if the
office of registered agent shall become vacant for any reason, or if its
registered agent becomes disqualified or incapacitated to act, or if it
revokes the appointment of its registered agent.

(e) Any registered agent of a foreign corporation may resign as
such agent by delivering a written notice thereof, executed in dupli-
cate, to the Commissioners who shall file one copy thereof in their office
and forthwith mail a copy thereof to the corporation at its principal
office in the state or country under the laws of which it is incorporated
as the same appears in the records of the Commissioners. The appoint-
ment of such agent shall terminate upon the expiration of thirty days
after receipt of such notice by the Commissioners or upon the appoint-
ment of a successor agent becoming effective, whichever occurs sooner.
No fee or charge of any kind shall be imposed with respect to a filing
under this subsection.

SERVICE OF PROCESS ON FOREIGN CORPORATION

Sec. 73. (a) The registered agent so appointed by a foreign corpora-
tion authorized to conduct affairs in the District shall be an agent of
such corporation upon whom any process, notice, or demand required
or permitted by law to be served upon the corporation, may be served.
Service of any such process, notice, or demand upon a corporate agent,
as such agent, may be had by delivering a copy of such process, notice,
or demand to the president, vice president, the secretary, or an assistant
secretary of such corporate agent.

(b) Whenever a foreign corporation authorized to conduct affairs
in the District shall fail to appoint or maintain a registered agent in
the District, or whenever any such registered agent cannot with rea-
sonable diligence be found at the registered office, or whenever the
certificate of authority of a foreign corporation shall be suspended or
revoked, then the Commissioners shall be an agent of such corpora-
tion upon whom any such process, notice, or demand may be served.
Service on the Commissioners of any such process, notice, or demand
shall be made by delivering to and leaving with them, or with any
clerk having charge of their office, duplicate copies of such process,
notice, or demand. In the event any such process, notice, or demand is
served on the Commissioners, they shall immediately cause one of such
copies thereof to be forwarded by registered or certified mail, ad-
dressed to the corporation at its principal office in the state or country
under the laws of which it is incorporated, as the same appears in the
records of the Commissioners.

(c) If any foreign corporation shall conduct affairs in the District
without a certificate of authority, it shall by conducting such affairs
be deemed to have thereby appointed the Commissioners its agent and
representative upon whom any process, notice, or demand may be
served. Service shall be made by delivery to and leaving with the
Commissioners, or with any clerk having charge of their office, dupli-
cate copies of such process, notice, or demand, together with an affi-

davit giving the latest known post office address of such corporation, and such service shall be sufficient if notice thereof and a copy of the process, notice, or demand are forwarded by registered or certified mail, addressed to such corporation at the address given in such affidavit.

(d) The Commissioners shall keep a record of all processes, notices, and demands served upon them under this section, and shall record therein the time of such service and their action with reference thereto.

(e) Nothing herein contained shall limit or affect the right to serve any process, notice, or demand, required or permitted by law to be served upon a corporation in any other manner now or hereafter permitted by law.

### AMENDMENT TO ARTICLES OF INCORPORATION OF FOREIGN CORPORATION

SEC. 74. Whenever the articles of incorporation of a foreign corporation authorized to conduct affairs in the District are amended, such foreign corporation shall, within ninety days after such amendment becomes effective, file with the Commissioners a copy of such amendment duly certified by the proper officer of the state or country under the laws of which it is incorporated; but the filing thereof shall not of itself enlarge or alter the purpose or purposes which such corporation is authorized to pursue in conducting its affairs in the District, nor authorize such corporation to conduct affairs in the District under any other name than the name set forth in its certificate of authority.

### MERGER OF FOREIGN CORPORATION

SEC. 75. Whenever a foreign corporation authorized to conduct affairs in the District shall be a party to a statutory merger permitted by the laws of the state or country under the laws of which it is incorporated, and such corporation shall be the surviving corporation, it shall, within ninety days after such merger becomes effective, deliver to the Commissioners a copy of the articles of merger duly certified by the proper officer of the state or country under the laws of which such statutory merger was effected; and it shall not be necessary for such corporation to procure either a new or amended certificate of authority to conduct affairs in the District unless the name of such corporation be changed thereby or unless the corporation desires to pursue in the District other or additional purposes than those which it is then authorized to pursue in the District.

### AMENDED CERTIFICATE OF AUTHORITY

SEC. 76. (a) A foreign corporation authorized to conduct affairs in the District shall procure an amended certificate of authority in the event it changes its corporate name, or desires to pursue in the District other or additional purposes than those set forth in its prior application for a certificate of authority, by making application therefor to the Commissioners.

(b) The requirements in respect to the form and contents of such application, the manner of its execution, the delivering of duplicate originals thereof to the Commissioners, the issuance of an amended certificate of authority and the effect thereof, shall be the same as in the case of an original application for a certificate of authority.

WITHDRAWAL OF FOREIGN CORPORATION

SEC. 77. (a) A foreign corporation authorized to conduct affairs in the District may withdraw from the District upon procuring from the Commissioners a certificate of withdrawal. In order to procure such certificate of withdrawal, such foreign corporation shall deliver to the Commissioners an application for withdrawal.

(b) The application for withdrawal shall state—

(1) the name of the corporation and the state or country under the laws of which it is incorporated;

(2) that the corporation is not conducting affairs in the District;

(3) that the corporation surrenders its authority to conduct affairs in the District;

(4) that the corporation revokes the authority of its registered agent in the District to accept service of process and consents that service of process in any action, suit, or proceeding based upon any cause of action arising in the District during the time the corporation was authorized to conduct affairs in the District may thereafter be made on such corporation by service thereof on the Commissioners;

(5) a post office address to which the Commissioners may mail a copy of any process against the corporation that may be served on them.

(c) The application for withdrawal shall be executed by the corporation by its president or a vice president, and the corporate seal shall be thereto affixed, attested by its secretary or an assistant secretary, or, if the corporation is in the hands of a receiver or trustee, shall be executed on behalf of the corporation by such receiver or trustee and verified by him.

FILING OF APPLICATION FOR WITHDRAWAL

SEC. 78. (a) Duplicate originals of such application for withdrawal shall be delivered to the Commissioners. If the Commissioners find that such application conforms to law, they shall, when all fees have been paid as in this Act prescribed—

(1) endorse on each of such duplicate originals the word "Filed", and the month, day, and year of the filing thereof;

(2) file one of such duplicate originals in their office;

(3) issue a certificate of withdrawal to which they shall affix the other duplicate original;

(4) deliver the certificate of withdrawal, together with the duplicate original of the application for withdrawal affixed thereto, to the corporation or its representative.

(b) Upon the issuance of such certificate of withdrawal, the authority of the corporation to conduct affairs in the District shall cease.

REVOCATION OF CERTIFICATE OF AUTHORITY

SEC. 79. (a) The certificate of authority of a foreign corporation to conduct affairs in the District may be revoked by the Commissioners when they find that—

(1) the certificate of authority of the corporation was procured through fraud practiced upon the District; or

(2) the corporation has continued to exceed or has abused the authority conferred upon it by this Act; or

(3) the corporation has failed for a period of ninety days to pay any fees, charges, or penalties prescribed by this Act; or

(4) the corporation has failed for a period of ninety days to appoint and maintain a registered agent in the District; or

(5) the corporation has failed for ninety days after change of its registered office or registered agent to file with the Commissioners a statement of such changes; or

(6) the corporation for a period of two years has not conducted any affairs in the District; or

(7) the corporation has failed to file with the Commissioners a duly certified copy of each amendment to its articles of incorporation within ninety days after such amendment becomes effective; or

(8) a misrepresentation has been made of any material matter in any application, report, affidavit, or other document submitted by such corporation pursuant to this Act.

(b) No certificate of authority of a foreign corporation shall be revoked by the Commissioners unless (1) they shall have given the corporation not less than thirty days' notice thereof by certified or registered mail addressed to such corporation at its principal office in the state or country under the laws of which such corporation is organized, as the same appears in the records of the Commissioners or at its registered office in the District, and (2) the corporation, prior to such revocation and as the case may be, shall fail to submit satisfactory evidence that said certificate was not procured by such fraud, or that the corporation has not exceeded or abused such authority, or shall fail to pay such fees, charges, or penalties, or shall fail to appoint a registered agent in the District, or shall fail to file the required statement of change of registered office or registered agent, or shall fail to file a statement showing that it has conducted affairs in the District within a period of two years, or shall fail to file a copy of any such amendment to its articles of incorporation, or shall fail to submit satisfactory evidence that a misrepresentation of a material matter was not made in any such application, report, affidavit, or other document.

### ISSUANCE OF CERTIFICATE OF REVOCATION

SEC. 80. (a) Upon revoking any such certificate of authority, the Commissioners shall—

(1) issue a certificate of revocation in duplicate;

(2) file one of such certificates in their office;

(3) mail the other such certificate to such corporation at its registered office in the District or to its principal place of business as the same appears in the records of the Commissioners.

(b) Upon the issuance of such certificate of revocation, the authority of the corporation to conduct affairs in the District shall cease.

### APPLICATION TO FOREIGN CORPORATIONS CONDUCTING AFFAIRS ON THE EFFECTIVE DATE OF THIS ACT

SEC. 81. Foreign corporations conducting affairs in the District at the time this Act takes effect for a purpose or purposes for which a certificate of authority is required under the provisions of this Act shall, within six months after the effective date of this Act, procure a certificate of authority and shall otherwise comply with all applicable provisions of this Act. Failure to secure a certificate of authority within the time provided in this section shall subject the corporation to all the penalties, liabilities, and restrictions provided in this Act for conducting affairs without a certificate of authority.

#### CONDUCTING AFFAIRS WITHOUT CERTIFICATE OF AUTHORITY

Sec. 82. (a) No foreign corporation which is conducting affairs in the District without a certificate of authority shall be permitted to maintain any action, suit, or proceeding in any court of the District until such corporation shall have obtained a certificate of authority. Nor shall any action, suit, or proceeding be maintained in any court of the District by any successor or assignee of such corporation on any right, claim, or demand arising out of the conduct of affairs by such corporation in the District, until a certificate of authority shall have been obtained by such corporation or by a corporation which has acquired all or substantially all of its assets.

(b) The failure of a foreign corporation to obtain a certificate of authority to conduct affairs in the District shall not impair the validity of any contract or act of such corporation, and shall not prevent such corporation from defending any action, suit, or proceeding in any court of the District.

(c) A foreign corporation which conducts affairs in the District without a certificate of authority shall be liable to the District for the years or parts thereof during which it conducted affairs in the District without a certificate of authority, in an amount equal to all fees, penalties, and other charges which would have been imposed by this Act upon such corporation had it duly applied for and received a certificate of authority to conduct affairs in the District as required by this Act and thereafter filed all reports required by this Act; and, in addition thereto, it shall be liable for a penalty to be assessed by the Commissioners of not in excess of $200. The Commissioners shall bring proceedings to recover all amounts due the District under the provisions of this section. Such charges and penalties shall be paid to the District before any certificate of authority is issued to such foreign corporation.

#### ANNUAL REPORT OF DOMESTIC AND FOREIGN CORPORATIONS

Sec. 83. (a) Each domestic corporation, and each foreign corporation authorized to conduct affairs in the District, shall prepare an annual report setting forth—

(1) the name of the corporation and the State or country under the laws of which it is incorporated;

(2) the address, including street and number, if any, of its registered office in the District, and the name of its registered agent at such address, and, in the case of a foreign corporation, the address, including street and number, if any, of its principal office in the state or country under the laws of which it is incorporated;

(3) a brief statement of the character of the affairs which the corporation is actually conducting, or, in the case of a foreign corporation, which the corporation is actually conducting in the District;

(4) the names and respective addresses, including street and number, if any, of the directors and officers of the corporation.

(b) Such annual report shall be made on forms prescribed and furnished by the Commissioners, and the information therein contained shall be given as of the date of the execution of the report. It shall be executed by the corporation by its president, a vice president, secretary, an assistant secretary, treasurer, or assistant treasurer, or, if the corporation is in the hands of a receiver or trustee, it shall be executed on behalf of the corporation by such receiver or trustee.

FILING OF ANNUAL REPORT OF DOMESTIC AND FOREIGN CORPORATIONS

SEC. 84. Such annual report of a domestic or foreign corporation
shall be delivered to the Commissioners on or before the fifteenth day
of April of each year, except that the first annual report of a domestic
or foreign corporation shall be delivered to the Commissioners on
or before the fifteenth day of April of the year next succeeding the
calendar year in which its certificate of incorporation or its certificate
of authority, as the case may be, was issued by the Commissioners.
Proof to the satisfaction of the Commissioners that prior to the fif-
teenth day of April such report was deposited in the United States
mail in a sealed envelope, properly addressed, with postage prepaid,
shall be deemed a compliance with this requirement. If the Commis-
sioners find that such report conforms to law, they shall file the same.
If they find that it does not so conform, they shall promptly return
the same to the corporation for any necessary corrections, in which
event the penalties hereinafter prescribed for failure to file such
report within the time hereinabove provided shall not apply, if such
report is corrected to conform to the requirements of this Act and
returned to the Commissioners in sufficient time to be filed prior to
the first day of July of the year in which it is due.

EFFECT OF FAILURE TO PAY ANNUAL REPORT FEE OR TO FILE ANNUAL REPORT

SEC. 85. If any corporation incorporated under this Act, or any
corporation which has elected to accept this Act, or any foreign cor-
poration having a certificate of authority issued under this Act, shall
for two consecutive years fail or refuse to pay any annual report fee
or fees payable under this Act, or fail or refuse to file any annual
report as required by this Act for two consecutive years, then, in the
case of a domestic corporation, the articles of incorporation shall be
void and all powers conferred upon such corporation are declared
inoperative, and, in the case of a foreign corporation, the certificate
of authority shall be revoked and all powers conferred thereunder
shall be inoperative.

PROCLAMATION OF REVOCATION

SEC. 86. (a) On the second Monday in September of each year, the
Commissioners shall issue a proclamation listing the names of all
domestic corporations and all foreign corporations which have failed
or refused to pay any annual report fee or fees or failed or refused
to file any annual report as required by this Act for two consecutive
years next preceding June 30 in the year in which such proclamation
is issued and upon the issuance of such proclamation the articles of
incorporation or the certificate of authority, as the case may be, shall
be void and all powers thereunder inoperative without further proceed-
ings of any kind.

(b) The proclamation of the Commissioners shall be filed in their
office and shall be published once during the month of September in
each of two daily newspapers of general circulation in the District
of Columbia.

(c) Upon publication of the proclamation of revocation as provided
in this Act each domestic corporation listed in such proclamation shall
be deemed to have been dissolved without further legal proceedings
and each such corporation shall cease to carry on its business and shall,
after paying or adequately providing for the payment of all of its
obligations, distribute the remainder of its assets, as in this Act pro-
vided with respect to dissolved corporations.

(d) All domestic corporations the articles of incorporation of which are revoked by proclamation or the term of existence of which expires by limitation set forth in its articles of incorporation shall nevertheless be continued for the term of three years from the date of such revocation or expiration bodies corporate for the purpose of prosecuting and defending suits by or against them, and of enabling them to pay, satisfy, and discharge their liabilities and obligations and, after paying or adequately providing for the payment of all its obligations, to distribute the remainder of their assets, as in this Act provided with respect to dissolved corporations, but not for the purpose of continuing to conduct the affairs for which such corporation shall have been organized: *Provided, however*, That with respect to any action, suit, or proceeding begun or commenced by or against a corporation prior to such revocation or expiration and with respect to any action, suit, or proceeding begun or commenced by or against such corporation within three years after the date of such revocation or expiration, such corporation shall only for the purpose of such actions, suits, or proceedings so begun or commenced be continued a body corporate beyond said three-year period and until any judgments, orders, or decrees therein shall be fully executed.

PENALTY FOR CONDUCTING AFFAIRS AFTER ISSUANCE OF PROCLAMATION

SEC. 87. Any corporation, person, or persons who shall exercise or attempt to exercise any powers under articles of incorporation of a domestic corporation or under a certificate of authority of a foreign corporation which has been revoked shall be deemed guilty of a misdemeanor and shall be punished by a fine not exceeding $500 or by imprisonment not exceeding one year, or both.

CORRECTION OF ERROR IN PROCLAMATION

SEC. 88. Whenever it is established to the satisfaction of the Commissioners that any corporation named in said proclamation has not failed or refused to pay any annual report fee or file any annual report for two consecutive years, or has been inadvertently included in the list of corporations as so failing or refusing to pay annual report fees or file reports, the Commissioners are authorized to correct such mistake by issuing a proclamation to that effect and restoring the articles of incorporation or certificate of authority, as the case may be, to good standing with like effect as if such proclamation of revocation, as to such corporation, had not been issued.

RESERVATION OF NAME OF PROCLAIMED CORPORATION

SEC. 89. The Commissioners shall reserve the names of all corporations the articles of incorporation of which have been revoked and of all foreign corporations the certificates of authority of which have been revoked until December 31 of the year in which the proclamation of revocation was issued and no domestic corporation shall be formed nor the name of any such domestic corporation changed to a name the same as or deceptively similar to such reserved name nor shall any foreign corporation be authorized to do business under a name the same as or deceptively similar to such reserved name.

REINSTATEMENT OF PROCLAIMED CORPORATIONS

SEC. 90. (a) A domestic corporation, the articles of incorporation
of which have been revoked, may at any time after the date of the
issuance of the proclamation of revocation deliver to the Commis-
sioners a petition for reinstatement, in duplicate, accompanied by the
delinquent annual report or reports, or payment of delinquent annual
report fee or fees in full, or both, as the case may be, plus interest
thereon as provided by this Act, together with any penalties imposed
by this Act. The Commissioners, if they find that all such docu-
ments conform to law, and that the period for reservation of the
name has not expired, or if such period has expired, that the name
is available for corporate use pursuant to the provisions of this Act,
shall file them in their office and shall issue their certificate of rein-
statement which shall have the effect of annulling the revocation
proceedings theretofore taken as to such corporation and such corpora-
tion shall have such powers, rights, duties, and obligations as it had
at the time of the issuance of the proclamation with the same force
and effect as to such corporation as if the proclamation had not been
issued.

(b) If the petition for reinstatement of a proclaimed corporation
is delivered to the Commissioners after the period for reservation of
the name has expired and if they find that the name is not available
for corporate use pursuant to the provisions of this Act, then, in addi-
tion to complying with the provisions of the preceding paragraph the
proclaimed corporation shall set forth in its petition for reinstatement
its name at the time its articles of incorporation were proclaimed void
and the new name by which the corporation will thereafter be known,
which shall be a name available for corporate use pursuant to the
provisions of this Act.

(c) A foreign corporation whose certificate of authority has been
revoked shall, upon reentering the District, comply with all of the
requirements of law applicable to an original application for a certifi-
cate of authority, including the payment of the filing fee for filing
an application for a certificate of authority, but it need not file again
a copy of its articles of incorporation or any amendment thereof that
is then on file with the Commissioners. After the revocation of the
certificate of authority of a foreign corporation, the Commissioners
shall retain the articles of incorporation and amendments theretofore
filed and the original application for a certificate of authority for a
period of ten years.

PENALTIES IMPOSED UPON CORPORATIONS

SEC. 91. Each corporation, domestic or foreign, that fails or refuses
to file its annual report for any year within the time prescribed by
this Act shall be subject to a penalty of $5 to be assessed by the
Commissioners.

FEES FOR FILING DOCUMENTS AND ISSUING CERTIFICATES

SEC. 92. The Commissioners shall charge and collect for—
    (a) filing articles of incorporation and issuing a certificate
of incorporation, $10;
    (b) filing articles of amendment and issuing a certificate of
amendment, $5;
    (c) filing articles of merger or consolidation and issuing a
certificate of merger or consolidation, $5;
    (d) filing a statement of change of address or registered office
or change of registered agent, or both, $1;

(e) filing articles of dissolution, $1;

(f) filing an application for reservation of a corporate name or for a renewal of reservation, $5;

(g) filing notice of transfer of a reserved corporate name, $5;

(h) filing statement of election to accept this Act and issuing certificate of acceptance, $10;

(i) filing an application of a foreign corporation for a certificate of authority to conduct affairs in the District and issuing a certificate of authority, $10;

(j) filing an application of a foreign corporation for an amended certificate of authority to conduct affairs in the District and issuing an amended certificate of authority, $5;

(k) filing a copy of an amendment to the articles of incorporation of a foreign corporation holding a certificate of authority to conduct affairs in the District, $5;

(l) filing a copy of articles of merger of a foreign corporation holding a certificate of authority to conduct affairs in the District, $5;

(m) filing an application for withdrawal of a foreign corporation and issuing a certificate of withdrawal, $1;

(n) filing application for reinstatement of a domestic or foreign corporation and issuing certificate of reinstatement, $10;

(o) filing any other statement or report, including an annual report, of a domestic or foreign corporation, $1;

(p) indexing each document filed, except an annual report, $2;

(q) furnishing a certified copy of any document, instrument, or paper relating to a corporation, $5;

(r) furnishing a certificate as to the existence or nonexistence of a fact relating to a corporation, $1;

(s) The Commissioners are authorized to make regulations providing for reasonable fees for other services not listed in this section.

COMMISSIONERS: DUTIES AND FUNCTIONS

Sec. 93. (a) The Commissioners shall have the power and authority reasonably necessary to enable them to administer this Act efficiently and to perform the duties therein imposed upon them.

(b) The Commissioners shall be charged with the administration and enforcement of this Act. Said Commissioners are authorized to employ such personnel as may be necessary for the administration of this Act, within appropriations made by Congress. The compensation of such personnel shall be fixed in accordance with the provisions of the Classification Act of 1949, as amended.

63 Stat. 954.
5 USC 1071 note.

(c) The Commissioners may transfer any or all of the functions vested in them by this Act to any agent designated by them pursuant to law. It shall be the duty of any officer or agency of the government of the District of Columbia to perform any function delegated to such officer or agency by the Commissioners pursuant to this Act.

(d) Every certificate and other document or paper executed by the Commissioners, in pursuance of any authority conferred upon them by this Act, and sealed with the seal prescribed by subsection (c) of section 120 of the District of Columbia Business Corporation Act, and all copies of such papers, as well as of documents and other papers filed in accordance with the provisions of this Act, when certified by them and authenticated by said seal, shall have the same force and effect as evidence as would the originals thereof in any action or proceeding in any court and before a public officer, or official body.

68 Stat. 228.
D. C. Code
29-935.

(e) The Commissioners are authorized to make, modify, and enforce such regulations as they may deem necessary to carry out the provisions

of this Act, prescribe penalties for the violation of any such regulation not exceeding a fine of $300 or imprisonment for ninety days, or both, and to prescribe such forms and procedures for use in the conduct of the business of any office or agency established by them as they may deem appropriate.

### APPEAL FROM COMMISSIONERS

SEC. 94. (a) If the Commissioners shall fail to approve any articles of incorporation, amendment, merger, consolidation, or dissolution, or any other document required by this Act to be approved by the Commissioners before the same shall be filed in their office, they shall, within ten days after the delivery thereof to them, give written notice of their disapproval to the person or corporation, domestic or foreign, delivering the same, specifying the reasons therefor.  From such disapproval such person or corporation may appeal to the United States District Court for the District of Columbia by filing with the clerk of such court a petition setting forth a copy of the articles or other document sought to be filed and a copy of the written disapproval thereof by the Commissioners; whereupon the matter shall be tried de novo by the court, and the court shall either sustain the action of the Commissioners or direct them to take such action as the court may deem proper.

(b) If the Commissioners shall revoke the certificate of authority to conduct affairs in the District of any foreign corporation, pursuant to the provisions of this Act, such foreign corporation may likewise appeal to the United States District Court for the District of Columbia by filing with the clerk of such court a petition setting forth a copy of its certificate of authority to conduct affairs in the District and a copy of the notice of revocation given by the Commissioners; whereupon the matter shall be tried de novo by the court, and the court shall either sustain the action of the Commissioners or direct them to take such action as the court may deem proper.

Appeals from all final orders and judgments entered by the United States District Court for the District of Columbia under this section in review of any ruling or decision of the Commissioners may be taken as in other civil actions.

### CERTIFICATES AND CERTIFIED COPIES TO BE RECEIVED IN EVIDENCE

SEC. 95. All certificates issued by the Commissioners in accordance with the provisions of this Act, and all copies of documents filed in their office in accordance with the provisions of this Act when certified by them, shall be taken and received in all courts, public offices, and official bodies as prima facie evidence of the facts therein stated.  A certificate by the Commissioners under the seal of their office, as to the existence or nonexistence of the facts relating to corporations which would not appear from a certified copy of any of the foregoing documents or certificates shall be taken and received in all courts, public offices, and official bodies as prima facie evidence of the existence or nonexistence of the facts therein stated.

### FORMS TO BE FURNISHED BY COMMISSIONERS

SEC. 96. All reports required by this Act to be filed in the office of the Commissioners shall be made on forms which shall be prescribed and furnished by the Commissioners.  Forms for all other documents to be filed in the office of the Commissioners shall be furnished by the Commissioners on request therefor, but the use thereof, unless otherwise specifically prescribed in this Act, shall not be mandatory.

#### GREATER VOTING REQUIREMENTS

SEC. 97. Whenever, with respect to any action to be taken by the members or directors of a corporation, the articles of incorporation require the vote or concurrence of a greater proportion of the members or directors, as the case may be, than required by this Act with respect to such action, the provisions of the articles of incorporation shall control.

#### WAIVER OF NOTICE

SEC. 98. Whenever any notice is required to be given to any member or director of a corporation under the provisions of this Act or under the provisions of the articles of incorporation or bylaws of the corporation, a waiver thereof in writing signed by the person or persons entitled to such notice, whether before or after the time stated therein, shall be equivalent to the giving of such notice. Presence without objection also waives notice.

#### ACTION BY MEMBERS OR DIRECTORS WITHOUT A MEETING

SEC. 99. Any action required by this Act to be taken at a meeting of the members or directors of a corporation, or any action which may be taken at a meeting of the members or directors, may be taken without a meeting if a consent in writing, setting forth the action so taken, shall be signed by all of the members entitled to vote with respect to the subject matter thereof, or all of the directors, as the case may be.

Such consent shall have the same force and effect as a unanimous vote, and may be stated as such in any articles or document filed with the Commissioners under this Act.

#### UNAUTHORIZED ASSUMPTION OF CORPORATE POWERS

SEC. 100. All persons who assume to act as a corporation without authority so to do shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof.

#### PROCEDURE TO ELECT TO ACCEPT ACT

SEC. 101. Any corporation which is organized and existing under the laws of the District of Columbia or under any special Act of Congress on the date this Act takes effect, and which is organized not for profit, and is without authority to issue shares of stock, and is organized for a purpose or purposes for which a corporation may be organized under the provisions of this Act may elect to avail itself of the provisions of this Act in the following manner:

(a) Where there are members having voting rights, the board of directors shall adopt a resolution recommending that the corporation accept this Act and directing that the question of such acceptance be submitted to a vote at a meeting of the members having voting rights, which may be either an annual meeting or a special meeting. Written or printed notice setting forth the proposal to accept this Act shall be given to each member entitled to vote at such meeting within the time and in the manner provided in this Act for the giving of notice of meetings of members. The proposal to elect to accept this Act shall be adopted upon receiving at least two-thirds of the vote entitled to be cast by members present or represented by proxy at such meeting.

(b) Where there are no members, or no members having voting rights, the election to accept this Act may be adopted at a meeting of the board of directors upon receiving the vote of at least a majority of the directors in office.

STATEMENT OF ELECTION TO ACCEPT THIS ACT

Sec. 102. The statement of election to accept this Act shall be executed in duplicate by the corporation by its president or vice president, and the corporate seal shall be thereto affixed, attested by its secretary, or an assistant secretary, and shall set forth—

(a) the name of the corporation;

(b) a statement by the corporation that it has elected to accept this Act;

(c) where there are members having voting rights—

(1) a statement setting forth the date of the meeting of the members at which the election to accept this Act was adopted; that a quorum was present at such meeting, and that such acceptance received the affirmative vote of at least two-thirds of the votes entitled to be cast by members present or represented by proxy at such meeting, or

(2) a statement that such election to accept this Act was adopted by a consent, in writing, signed by all members entitled to vote with respect thereto;

(d) where there are no members or no members having voting rights, a statement of such fact, the date of the meeting of the board of directors at which the election to accept this Act was adopted, and the statement of the fact that such acceptance received the vote of a majority of the directors in office;

(e) the purpose or purposes (which may be different from its existing purposes) which it will thereafter pursue, and shall not include any purpose prohibited to a corporation organized under this Act;

(f) if the corporation has no members, a statement to that effect;

(g) if the corporation has members, there shall be set forth—

(1) the number of classes of members;

(2) if there is more than one class of members, a statement of the qualifications and rights and limitations of each class of members;

(3) if members, or any class or classes of members, are not entitled to vote, a statement to that effect;

(4) if members, or any class or classes of members are entitled to vote, a statement setting forth the voting rights and of any limitation or limitations thereof of members or of any class or classes thereof;

(h) any other provision, not inconsistent with law, or this Act, for the regulation of the internal affairs of the corporation;

(i) the address, including street and number, if any, of its registered office in the District of Columbia and the name of its registered agent at such address;

(j) the names and respective addresses, including street and number, if any, of its officers and directors;

(k) it shall not be necessary to set forth in the statement of election to accept this Act any of the corporate purposes enumerated in this Act. Whenever a provision in the statement of election to accept this Act is inconsistent with a bylaw, the provision of the statement of election to accept this Act shall be controlling.

FILING OF STATEMENT OF ELECTION TO ACCEPT THIS ACT

Sec. 103. (a) Duplicate originals of the statement of election to accept this Act shall be delivered to the Commissioners.

(b) If the Commissioners find that the statement of election to accept this Act conforms to law, they shall, when all fees and charges have been paid as in this Act prescribed—

(1) endorse on each of such duplicate originals the word "Filed", and the month, day, and year of the filing thereof;

(2) file one of such duplicate originals in their office;

(3) issue a certificate of acceptance, to which they shall affix the other duplicate original;

(4) deliver such certificate of acceptance with the other duplicate original affixed thereto to the corporation or its representative.

EFFECT OF CERTIFICATE OF ACCEPTANCE

SEC. 104. (a) Upon the issuance of a certificate of acceptance as hereinbefore provided, the election of the corporation to accept this Act shall become effective and the existence of the corporation shall be continued under this Act and such certificate shall be conclusive evidence that all conditions precedent required to be performed under this Act have been complied with and that the corporation has elected to accept the provisions of this Act and the corporation shall be entitled to and be possessed of all of the privileges and powers and franchises and be subject to all of the provisions of this Act as fully and to the same extent as if such corporation had been originally incorporated under this Act; and all privileges, franchises, and powers theretofore belonging to said corporation and all property, real, personal, and mixed, and all debts due on whatever account, and all choses in action, and all and every other interest of or belonging to or due such corporation shall be and the same are hereby ratified, approved and confirmed and assured to such corporation with like effect and to all intents and purposes as if the same had been originally acquired through incorporation under this Act; but no contract, debt, claim, duty, liability, or obligation of any corporation to which a certificate of acceptance has been issued shall be affected or impaired in any way nor shall the rights of creditors or any liens upon the property of such corporation be affected or impaired by such election to accept this Act.

(b) Neither the issuance of a certificate of acceptance to a corporation created under the provisions of a special Act of Congress, nor the adoption of any amendment pursuant to this Act, shall release or terminate any duty or obligation expressly imposed upon any such corporation under and by virtue of the special Act of Congress under which it was created or any amendment made thereto, nor enlarge any right, power, or privilege granted any such corporation by such special Act except to the extent that such right, power, or privilege might have been included in the articles of incorporation of a corporation organized under this Act.

ACTIONS TO BE IN NAME OF DISTRICT OF COLUMBIA

SEC. 105. All civil actions under this Act which the Commissioners are authorized to commence, and all prosecutions for violations of the provisions of this Act or of regulations promulgated under the authority of this Act, shall be brought in the name of the District of Columbia by the Corporation Counsel of the District of Columbia. As used in this Act the term "Corporation Counsel" means the attorney for the District, by whatever title such attorney may be known, designated by the Commissioners to perform the functions prescribed for the Corporation Counsel in this Act.

#### RIGHT OF REPEAL RESERVED

SEC. 106. Congress reserves the right to alter, amend, or repeal this Act, or any part thereof, or any certificate of incorporation or certificate of authority issued pursuant to its provisions.

#### ACT NOT TO AFFECT INTERNAL REVENUE CODE OF 1954

26 USC 1 et seq.

SEC. 107. Nothing in this Act shall be construed as repealing or affecting any provision of the Internal Revenue Code of 1954.

#### EFFECT OF INVALIDITY OF PART OF THIS ACT

SEC. 108. If a court of competent jurisdiction shall adjudge to be invalid or unconstitutional any clause, sentence, paragraph, section, or part of this Act, such judgment or decree shall not affect, impair, invalidate, or nullify the remainder of this Act, but the effect thereof shall be confined to the clause, sentence, paragraph, section, or part of this Act so adjudged to be invalid or unconstitutional.

#### EFFECT OF FALSE STATEMENT

SEC. 109. A person who signs any instrument delivered to the Commissioners pursuant to this Act, knowing it to contain a misstatement of fact, shall be guilty of a misdemeanor and shall be punished by a fine not exceeding $500 or by imprisonment for not exceeding one year, or by both such fine and imprisonment.

#### EFFECTIVE DATE

SEC. 110. This Act shall take effect one hundred and eighty days after the date of its approval.

#### APPROPRIATION OF FUNDS

SEC. 111. There are hereby authorized to be appropriated from any moneys in the Treasury of the United States to the credit of the District of Columbia, such amounts as may be necessary to carry into effect the provisions of this Act.

Approved August 6, 1962.

## Public Law 87-570

August 6, 1962
[H. R. 11735]

### AN ACT

Authorizing the change in name of the Beardstown, Illinois, flood control project, to the Sid Simpson flood control project.

Illinois.
Sid Simpson
flood control project, designation.
64 Stat. 175.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the Beardstown flood control project, Illinois River, Illinois, authorized by the Flood Control Act of May 17, 1950, in accordance with the provisions of House Document Numbered 332, Eighty-first Congress, shall hereafter be known and designated as the Sid Simpson flood control project in honor of the late Representative Sid Simpson. Any law, regulation, document, or record of the United States in which such project is designated or referred to under the name of the Beardstown, Illinois, flood control project, shall be held and considered to refer to such project by the name of Sid Simpson flood control project.

Approved August 6, 1962.