# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SASHA PIPPENGER, SHIRA LOWINGER, ELIZABETH QUINLAN, CHRIS BOSLEY, CHESTER A. CROCKER, JOHN DOE, JANE DOE, BRAVE GENERATION, INTERMOTION MEDIA, LLC, PEACE in PRAXIS, LLC, c/o Ali & Lockwood LLP 501 H Street NE, Suite 200 Washington, D.C. 20002 | Civil Action No. 25-cv-01090 |

*Plaintiffs*,

    v.

U.S. DOGE SERVICE,
736 Jackson Place, N.W.
Washington, D.C. 20503

U.S. DOGE SERVICE TEMPORARY
ORGANIZATION,
Eisenhower Executive Office Building
1650 17th St NW
Washington, DC 20500

U.S. OFFICE OF PERSONNEL
MANAGEMENT
1900 E Street, NW
Washington, DC 20415-1000

U.S. GENERAL SERVICES
ADMINISTRATION
1800 F Street, NW
Washington, DC 20405

U.S. DEPARTMENT OF STATE
2201 C St NW
Washington, DC 20451

AMY GLEASON, in her official capacity as the
Acting Administrator of U.S. DOGE Service and
U.S. DOGE Service Temporary Organization,
736 Jackson Place, NW
Washington, D.C. 20503

NATE CAVANAUGH, in his purported official
capacities as acting Chairman and President of the
United States Institute of Peace and employee of

U.S. DOGE Service and U.S. DOGE Service
Temporary Organization,
2301 Constitution Ave., NW
Washington, D.C. 20037

KENNETH JACKSON, in his purported official
capacity as acting president of the United States
Institute of Peace,
1300 Pennsylvania Avenue NW
Washington, D.C. 20004

MARCO RUBIO, in his official capacities as the
U.S. Secretary of State and as an *ex officio*
member of the United States Institute of Peace
Board of Directors,
2301 Constitution Ave., NW
Washington, D.C. 20037

PETE HEGSETH, in his official capacities as the
U.S. Secretary of Defense and an *ex officio*
member of the United States Institute of Peace
Board of Directors,
2301 Constitution Ave., NW
Washington, D.C. 20037

VICE ADMIRAL PETER A. GARVIN, in his
official capacities as President of the National
Defense University and an *ex officio* member of
the United States Institute of Peace Board of
Directors,
2301 Constitution Ave., NW
Washington, D.C. 20037

U.S. INSTITUTE OF PEACE,
2301 Constitution Ave., NW
Washington, D.C. 20037

ENDOWMENT FOR THE U.S. INSTITUTE
FOR PEACE,
2301 Constitution Ave., NW
Washington, D.C. 20037

DONALD J. TRUMP, in his official capacity
as President of the United States of America,
1600 Pennsylvania Avenue NW
Washington, D.C. 20500

and

TRENT MORSE, in his official capacities as
Deputy Director of Presidential Personnel in the
White House Presidential Personnel Office, the
White House Office, and the Executive Office of
the President of the United States,
1600 Pennsylvania Avenue, NW
Washington, D.C. 20500

        *Defendants*.

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO PROCEED
<u>UNDER PSEUDONYMS</u>**

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Al Otro Lado, Inc. v. Nielsen*,
    No. 17-cv-02366, 2017 WL 6541446 (S.D. Cal. Dec. 20, 2017) ...................................... 7

*Doe v. Austin*,
    No. CV 22-3474 (RC), 2024 WL 864197 (D.D.C. Feb. 29, 2024) ............................... 3, 4

*Doe v. Bogan*,
    542 F. Supp. 3d 19 (D.D.C. 2021) .................................................................................... 3

*Doe v. Darden Restaurants, Inc.*,
    2024 WL 2881121 (D. Md. June 7, 2024) ........................................................................ 7

*Doe v. New Ritz, Inc.*,
    No. CIV. WDQ-14-2367, 2015 WL 4389699 (D. Md. July 14, 2015) ............................. 5

*Doe v. Pub. Citizen*,
    749 F.3d 246 (4th Cir. 2014) ........................................................................................... 2

*Doe v. Stegall*,
    653 F.2d 180 (5th Cir., 1981) ......................................................................................... 5

*Doe v. The Rector and Visitors of George Mason U.*,
    179 F. Supp. 3d 583 (E.D. Va. 2016) .............................................................................. 4

*Horowitz v. Peace Corps*,
    428 F.3d 271 (D.C Cir. 2005) .......................................................................................... 7

*In re Sealed Case*,
    931 F.3d 92 (D.C. Cir. 2019) ........................................................................................... 2

*In re Sealed Case*,
    971 F.3d 324 (D.C. Cir. 2020) ..................................................................................... 2, 3

*James v. Jacobson*,
    6 F.3d 233 (4th Cir. 1993) ............................................................................ 2, 3, 4, 5, 6

*John Does 1-5 v. McCrory*,
    No. 13-cv-711, 2014 WL 29352 (M.D.N.C. Jan. 3, 2014) .............................................. 6

*Nat'l Ass'n of Waterfront Emps. v. Chao*,
    587 F. Supp. 2d 90 n.9 (D.D.C. 2008) ............................................................................ 6

*Strike 3 Holdings,*
    *LLC v. Doe*, No. 1:23-CV-00445, 2023 WL 3251412 (D. Md. May 4, 2023) .................. 5

*Yaman v. U.S. Dep't of State*,
    786 F. Supp. 2d 148 (D.D.C. 2011) ............................................................................ 1, 6

**Rules**

Federal Rule of Civil Procedure 10 .......................................................................... 1

Local Civil Rule 40.7(f) ........................................................................................... 1

Local Civil Rule 5.1 ................................................................................................. 1

**MEMORANDUM IN SUPPORT OF MOTION TO PROCEED UNDER PSEUDONYMS**

Pursuant to Local Civil Rules 5.1 and 40.7(f), and Federal Rule of Civil Procedure 10, Plaintiffs Jane Doe and John Doe (collectively, the "Doe Plaintiffs") respectfully request leave to file their Complaint, along with named Plaintiffs, and proceed in this action using pseudonyms. The Doe Plaintiffs make this request in order to preserve the confidentiality of their sensitive personal information and protect themselves and their families from the potential for retaliation, including physical and other harms.

As described in the accompanying declarations, the Doe Plaintiffs are current ██████ ███████ personal service contractors of the United States Institute of Peace ("USIP") who have been put in highly precarious situations due to the sudden dismantling of USIP. Public exposure of their identities would subject them, and their families, to immediate risk of retaliation, harassment, ███████████████████████, and physical harm. Because of the high risk of harm that is likely to occur if Doe Plaintiffs are named in this litigation, they respectfully request that the Court permit them to proceed pseudonymously in this matter. In support of this Motion, the Doe Plaintiffs state as follows:

1.     Local Civil Rule 5.1(c)(1) requires a party to provide her name in the party's filing. *See* L.R. 5.1(c)(1); *Yaman v. U.S. Dep't of State*, 786 F. Supp. 2d 148, 151 (D.D.C. 2011). Although courts must exercise caution regarding whether to allow parties to proceed pseudonymously to avoid "undermin[ing] the public's right of access to judicial proceedings," *Doe v. Pub. Citizen,* 749 F.3d 246, 273 (4th Cir. 2014), the D.C. Circuit has instructed that anonymity is permitted where the party seeking anonymity can demonstrate "a concrete need for such secrecy," including by "identifying the consequences that would likely befall it if forced to proceed in its own name." *In re Sealed Case*, 971 F.3d 324, 326 (D.C. Cir. 2020).

2.      District courts in this Circuit generally consider the following five factors—sometimes referred to as the "*James* factors"—in weighing a request to proceed under a pseudonym: (i) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; (ii) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (iii) the ages of the persons whose privacy interests are sought to be protected; (iv) whether the action is against a governmental or private party; and (v) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously. *See In re Sealed Case*, 931 F.3d 92, 97 (D.C. Cir. 2019) (citing *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). The D.C. Circuit has cautioned that this inquiry is not meant to be "a wooden exercise of ticking the five boxes," but rather part of a holistic, fact-intensive weighing exercise. *In re Sealed Case*, 931 F. 3d at 97.

3.      ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████. Plaintiff John Doe is a current USIP Personal Services Contractor ("PSC") and Libyan national living in Tripoli who faces acute safety risks due to any perceived connection with a foreign organization, particularly one that has abruptly withdrawn from its local commitments. As demonstrated below, this balancing test tips decisively in favor of permitting Plaintiffs to proceed anonymously here.

4.      Starting with the first *James* factor, the Doe Plaintiffs do not seek to avoid mere annoyance or criticism, nor is their request to proceed anonymously based on a desire to preserve privacy in a sensitive or personal matter. This factor "commonly involves intimate issues such as sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused

2

minors," none of which are at issue here. *In re Sealed Case*, 971 F.3d at 327; *Doe v. Bogan*, 542 F. Supp. 3d 19, 23 (D.D.C. 2021). However, courts have held that certain federal employees, given their work, have identities that are "sensitive and highly personal," and therefore satisfy this factor. *See, e.g., Doe v. Austin*, No. CV 22-3474 (RC), 2024 WL 864197, at *3 (D.D.C. Feb. 29, 2024) (motion to proceed under pseudonym granted for intelligence officer where disclosure of identity could place plaintiff and loved ones at risk of retaliation). Although the Doe Plaintiffs are not federal employees, their work in peace building, counterterrorism initiatives, and conflict resolution, alongside and other international partners, exposes them to risks akin to those faced by federal employees.

5.    Turning to the next *James* factor, revealing the Doe Plaintiffs' identities would put them and members of their families—who are "innocent non-parties," *James*, 6 F .3d at 238—at risk of imminent and severe retaliation, ████████████████████████ as well as physical harm.

6.    John Doe resides in Libya, where people affiliated with foreign organizations are already at heightened risk, and that risk will skyrocket if there is a perception that he has been abandoned by the organization he represents. Decl. ¶ 7. He, his wife, and his infant daughter face serious risk of arrest, kidnapping, extortion, or violence from his identification in this litigation. *Id.* ¶ 5. Courts have recognized that threats of harassment and violence like these especially favor anonymity. *Doe v. Austin*, 2024 WL 864197, at *3 (second factor satisfied where plaintiff worked in sensitive role as intelligence officer and "would be in immediate danger of retaliation, capture, ransom, abduction, or death should identify be revealed," and further harm to federal department could result from loss of anonymity of agents); *see also Doe v. The Rector and Visitors of George Mason U.*, 179 F. Supp. 3d 583, 593 (E.D. Va. 2016) ("the fact that accusations of [sexual

misconduct] inspire passionate responses and have severe ramifications is reflected in the anonymity afforded to the accuser . . ."); *Doe v. New Ritz, Inc.*, No. CIV. WDQ-14-2367, 2015 WL 4389699, at *2 (D. Md. July 14, 2015), citing *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (threats of harassment and violence favored anonymity).

7. ███████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████

8.     The third *James* factor similarly favors permitting Plaintiffs to proceed pseudonymously. Although Plaintiffs are adults, disclosure of their identities could result in severe consequences for their minor children. *See Strike 3 Holdings, LLC v. Doe*, No. 1:23-CV-00445, 2023 WL 3251412, at *3 (D. Md. May 4, 2023) (noting that "by proceeding pseudonymously, Defendant would also shield immediate family members, including a spouse, who ought not bear the burden of exposure of the highly sensitive, private matters that may come to light in this action pertaining to Defendant."). Plaintiffs wish to omit their names from the pleadings not to avoid criticism, but to mitigate the risk of retaliation, harassment, and violence to Plaintiffs and their children that this litigation presents.

9.     The fourth *James* factor—whether the action is against a governmental or private party—also favors granting Plaintiffs' motion. "When a plaintiff challenges the government or

government activity, courts are more like[ly] to permit plaintiffs to proceed under a pseudonym[.]"
*Nat'l Ass'n of Waterfront Emps. v. Chao*, 587 F. Supp. 2d 90, 99 n.9 (D.D.C. 2008) (alteration in
original). *See also Yaman*, 786 F. Supp. 2d at 153 ("Where an action is brought against a
government entity rather than a private party, or where it involves the privacy interests of minor
children, courts are more likely to allow a plaintiff to proceed anonymously."); *John Does 1-5 v.
McCrory*, No. 13-cv-711, 2014 WL 29352, at *2 (M.D.N.C. Jan. 3, 2014) ("Plaintiffs bring this
action against a governmental party, which weighs in favor of anonymity." (citation omitted)).

10.    As for the final *James* factor, Defendants would face no prejudice or unfairness if
Plaintiffs are permitted to proceed anonymously in this matter. As discussed above, Defendants
are government officials and agencies and thus are unlikely to be prejudiced by the non-disclosure
of the Doe Plaintiffs' specific identities. The primary dispute turns on a legal question, and the
government's ability to defend its position should not be affected by knowledge of the Doe
Plaintiffs' identities.[1] In addition, "whatever reputational harm comes to Defendant from these
allegations is the same regardless of whether Plaintiff[s] use [their] actual name[s] or Jane Doe;
the allegations are the same no matter who brings them." *Doe v. Darden Restaurants, Inc.*, 2024
WL 2881121, at *3 (D. Md. June 7, 2024).

11.    Nor would the public interest be served by disclosing the Doe Plaintiffs' identities.
Indeed, it would actually harm the public interest to disclose such information because exposing
the Doe Plaintiffs' identities would create an unnecessary risk of chilling the willingness of
government employees from litigating important issues like those raised in this case. And the Doe

---

[1] To the extent the Doe Plaintiffs identities are already known to Defendants, allowing the Doe
Plaintiffs to proceed anonymously would risk no unfairness to the opposing party. *See, e.g., Al
Otro Lado, Inc. v. Nielsen*, No. 17-cv-02366, 2017 WL 6541446, at *6 (S.D. Cal. Dec. 20, 2017)
(finding no prejudice to government defendants who "know the Individual Plaintiffs' names" and
"have the information they need to defend against the claims").

Plaintiffs' significant interest in maintaining their anonymity is more than sufficient to overcome any general presumption in favor of open proceedings: "If there is no public interest in the disclosure of certain information, 'something, even a modest privacy interest, outweighs nothing every time.'" *Horowitz v. Peace Corps*, 428 F.3d 271, 278 (D.C Cir. 2005).

## CONCLUSION

For the foregoing reasons, this case presents the rare circumstance where it is appropriate for Plaintiffs to proceed pseudonymously. The sensitive nature of Plaintiffs' identities and the real and concrete risks to their personal safety and the safety of their families weigh strongly in favor of granting Plaintiffs' Motion. Accordingly, Plaintiffs respectfully request that this Court grant this Motion.

Dated: April 11, 2025                          Respectfully submitted,

EMERY CELLI BRINCKERHOFF            ALI & LOCKWOOD LLP
ABADY WARD & MAAZEL LLP

   /s/  Daniel M. Eisenberg                       /s/ Kathryn Ali
Andrew G. Celli, Jr.*                           Kathryn Ali
Daniel M. Eisenberg                           Elizabeth Lockwood
Rachael Wyant*                                Meghan Palmer
One Rockefeller Plaza, 8th Floor              501 H Street NE, Suite 200
New York, New York 10020                   Washington, D.C. 20002
(212) 763-5000                                (202) 651-2475
acelli@ecbawm.com                          katie.ali@alilockwood.com
deisenberg@ecbawm.com                    liz.lockwood@alilockwood.com
rwyant@ecbawm.com                        meghan.palmer@alilockwood.com

*Attorneys for Plaintiffs*                        *Attorneys for Plaintiffs*

*\*Application for admission pro hac vice forthcoming.*

6