IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SASHA PIPPENGER, et al.,<br><br>    Plaintiffs,<br><br>  -against-<br><br>U.S. DOGE Service, et al.,<br><br>    Defendants. | Civil Action No. 1:25-cv-01090 |

**PLAINTIFFS' NOTICE FOLLOWING HEARING ON APPLICATION FOR
TEMPORARY RESTRAINING ORDER**

On April 16, 2025, at 11:00 a.m., the Court heard oral argument on Plaintiffs' motion for temporary restraining order ("TRO") (*see* ECF No. 11).  During argument, Plaintiffs requested and were granted leave to submit, by the end of the day, (1) a short statement as to how an April 4, 2025 *per curiam* decision from the United States Supreme Court, *Department of Education*, *v. California*, 145 S.Ct. 966, No. 24A910 (April 4, 2025) may bear on the relief that Plaintiffs have requested, and (2) an amended proposed order that narrows the scope of temporary relief sought. The Court ordered any response to Plaintiffs' submission by April 17, 2025, at 2:00 p.m.

With respect to the Supreme Court decision, on March 10, 2025, the United States District Court for the District of Massachusetts issued what it described as a TRO that (1) enjoined the Government from terminating education-related grants, (2) required the Government to pay out past-due grant obligations, and (3) required the Government to pay forward grant obligations as they accrue. This order was premised on a finding that the plaintiffs were likely to succeed on the merits of their Administrative Procedure Act ("APA") claim.  The Government appealed.  On

April 4, 2025, the Supreme Court stayed the District Court's order pending disposition of appeal to the First Circuit, reasoning that the TRO contained the "hallmarks" of a preliminary injunction, and that contrary to the District Court's determination, the plaintiffs were unlikely to succeed on the merits of their claims because "the APA's limited waiver of immunity does not extend to orders 'to enforce a contractual obligation to pay money' along [] what the District Court ordered []." *Id.* (quoting *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 212 (2002)).

The Supreme Court affirmed that a District Court's APA jurisdiction is "'not barred by the possibility that an order setting aside an agency's action may result in the disbursement of funds," *id.* (quoting *Bowen v. Massachusetts*, 487 U.S. 879, 910 (1988)), but also that "the APA's limited waiver of immunity does not extend to orders 'to enforce a contractual obligation to pay money,'" *id.* (quoting *Knudson*, 534 U.S. at 212). Breach of contract claims against the federal government must be brought under the Tucker Act in the Court of Federal Claims. 28 U.S.C. § 1491(a)(1).

*Department of Education* is inapposite here for at least three reasons. First, Plaintiffs application for a TRO does not seek payment of contractors or continued payment of contractors. Second, unlike *Department of Education*, none of the Plaintiffs are grantees of Defendants. Third, Plaintiffs seek redress for several different violations of law that have caused them irreparable harm; Plaintiffs are not seeking money damages for breach of contract.[1]

Plaintiffs' amended proposed order is attached hereto as Exhibit A.

---

[1] Of note, even if the Court were to order Defendant the United States Institute of Peace to pay contractual damages, which Plaintiffs do not seek at this time, it is not clear that the Tucker Act even applies. The Tucker Act waives the sovereign immunity of the United States Government for breach of contract claims brought in the Federal Court of Claims. But USIP's organic statute at 22 U.S.C. § 4604(k) makes clear that USIP has no sovereign immunity to be waived: it can sue and be sued.

Respectfully submitted,

Dated: April 16, 2025
       New York, New York

| EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP | ALI & LOCKWOOD LLP |
|---|---|
| /s/ Daniel M. Eisenberg | /s/ Kathryn Ali |
| Andrew G. Celli, Jr.* | Kathryn Ali |
| Daniel M. Eisenberg | Elizabeth Lockwood |
| Rachael Wyant (*admitted pro hac vice*) | Meghan Palmer |
| One Rockefeller Plaza, 8th Floor | 501 H Street NE, Suite 200 |
| New York, New York 10020 | Washington, D.C. 20002 |
| (212) 763-5000 | (202) 651-2475 |
| acelli@ecbawm.com | katie.ali@alilockwood.com |
| deisenberg@ecbawm.com | liz.lockwood@alilockwood.com |
| rwyant@ecbawm.com | meghan.palmer@alilockwood.com |
| *Attorneys for Plaintiffs* | *Attorneys for Plaintiffs* |

*Application for admission pro hac vice has been submitted.