UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SASHA PIPPENGER, et al., <br><br>         Plaintiffs, <br><br>    v. <br><br> UNITED STATES DOGE SERVICE, et al., <br><br>         Defendants. | Civil Action No. 25-1090 (BAH) |

**RESPONSE TO PLAINTIFF'S NOTICE FOLLOWING
THE HEARING ON THE TEMPORARY RESTRIANING ORDER**

Defendants respectfully submit this response to Plaintiffs' notice following the hearing on

their application for a temporary restraining order (ECF No. 21) ("Pls.' Not.").

***Department of Education v. California*, 145 S. Ct. 966 (2025)***. Plaintiffs make three failed

attempts to distinguish *California*. The first and third attempts are similar: Plaintiffs say that they

do not "seek payment of contractors" or "damages for breach of contract." Pls.' Not. at 2. These

are not distinctions. The plaintiffs in *California*, like Plaintiffs here, styled their claim as arising

under the Administrative Procedure Act, not for breach of contract, and sought to "enjoin[] the

Government from terminating . . . grants." 145 S. Ct. at 968. Plaintiffs here ask the Court to enjoin

the government from terminating contracts, which would necessarily require the government to

continue payments under those contracts. Under *California*, that relief would be improper. *Id*.

Plaintiffs' second attempted distinction is easily dispelled. They note that none of the Plaintiffs are "grantees." Pls.' Not. at 2. But one Plaintiff is a contractor, and contractors, no less than grantees, are subject to the Tucker Act.[1]

***Revised Proposed Order.*** Defendants maintain that Plaintiffs are not entitled to any relief whatsoever because they are unlikely to succeed on the merits and have not shown irreparable harm. Apart from that, Plaintiffs' revised proposed order remains untenably overbroad. *First*, Plaintiffs still seek reinstatement of "all USIP employees who have been terminated since March 14, 2025." Pls.' Not., Ex. A at 3. But, as discussed at the hearing, this is not a class action and the named Plaintiffs lack standing to seek relief for nonparties. And counsel's attempted justification for broader relief—that the agency must maintain a critical level of employees to sustain the availability of COBRA for the named Plaintiffs—is irrelevant because the revised order makes clear that Plaintiffs seek reinstatement, not COBRA. *Id.; see Costa v. Bazron*, 464 F. Supp. 3d 132, 152 (D.D.C.) (concluding Plaintiffs' theory was "not broad enough . . . to encompass the sweeping Hospital-wide relief that they seek"). The proposed order is also overly expansive because it would require the Institute to reinstate employees even if their terminations were for reasons of misconduct or performance. Pls.' Not., Ex. A at 3.

*Second*, the proposed order would direct Defendants to "cease" *any* "further termination of personal services contractors." *Id.* This request is tainted by the same critical flaw that Plaintiffs

---

[1]    In a footnote, Plaintiffs raise a new argument that was neither timely made in their briefs nor authorized in the Court's order directing a supplemental response. They say that "it is not clear that the Tucker Act even applies" because the Institute's sue-and-be-sued authorization, 22 U.S.C. § 4604(k), "makes clear that [the Institute] has no sovereign immunity to be waived." Pls.' Not. at 2 n.1. The Court should not consider this belated argument. In any event, it is wrong. Plaintiffs confuse a waiver of sovereign immunity—which is what § 4604(k) is—with the scope of the Court's jurisdiction. For claims sounding in contract, jurisdiction generally lies exclusively in the United States Court of Federal Claims. *California*, 145 S. Ct. at 968.

conceded with respect to their prior request to cease *any* termination of employees: it would require the Institute to maintain personal services contractors without exception, even if the contractors were to commit fraud or fail to perform under their contracts. In addition, as with employees, it improperly provides relief to nonparties, and Plaintiffs have not even attempted to demonstrate that such broader relief is necessary to effectuate relief to the single plaintiff (Mohmed Khalil Abuznad), who is a personal services contractor.

*Finally*, Plaintiffs seek an injunction against *any* transfer of "assets" from the Institute or its endowment to the General Services Administration or the Department of the Treasury. *Id.* This relief remains unconnected to any alleged harm to any of the Plaintiffs, much less the kind of great and imminent harm that would be necessary for a temporary restraining order. It is also still too broad and would unduly restrict the legitimate operations of the Institute. *See Sampson v. Murray*, 415 U.S. 61, 83 (1974) ("The District Court, exercising its equitable powers, is bound to give serious weight to the obviously disruptive effect which the grant of the temporary relief awarded here was likely to have on the administrative process . . . couple[d] with . . . the well-established rule that the Government has traditionally been granted the widest latitude in the 'dispatch of its own internal affairs.'") (quotation omitted).

The Court should deny Plaintiffs' motion and refuse the overly broad requested relief.

\*    \*    \*

Date:  April 17, 2025                        Respectfully submitted,
       Washington, DC

                                             EDWARD R. MARTIN, JR., D.C. Bar #481866
                                             United States Attorney

                                             By:  _____/s/ Sam Escher_____
                                                   SAM ESCHER, D.C. Bar #1655538
                                                   JOHNNY WALKER, D.C. Bar #991325
                                                   Assistant United States Attorneys
                                                   601 D Street, NW
                                                   Washington, DC 20530
                                                   Escher: (202) 252-2531
                                                   Walker: (202) 252-2511
                                                   Sam.Escher@usdoj.gov
                                                   Johnny.Walker@usdoj.gov

                                             *Attorneys for the United States of America*