UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SASHA PIPPENGER,<br><br>        Plaintiff,<br><br>    v.<br><br>U.S. DOGE SERVICE, et al.,<br><br>        Defendants. | Civil Action No. 25-1090 (BAH) |

**CONSENT MOTION TO EXTEND TIME**

    Defendants respectfully move to extend by two weeks the time for them to respond to the plaintiffs' motion for discovery (ECF No. 35). Defendants' response is currently due on May 23, 2025, and the extension would move that deadline to June 6, 2025. If this extension is granted, the Court should concurrently extend the plaintiffs' deadline to reply to June 13, 2025. Undersigned counsel has conferred with counsel for the plaintiffs, and the plaintiffs consent to this motion.

    There is good cause for the extension. Yesterday, May 19, 2025, this Court entered an order and a 102-page memorandum opinion grating summary judgment to plaintiffs in a related case: *U.S. Inst. of Peace v. Jackson*, Civ. A. No. 25-0804-BAH (D.D.C.). Among other things, the Court declared that the "removal of members of the Board of Directors of the United States Institute of Peace ('USIP') . . . was unlawful" and that "all actions taken or authorized by Kenneth Jackson or Nate Cavanaugh as acting presidents of USIP were invalid and therefor null, void, and without legal effect." Order (R.39) at 2. The plaintiffs in this case seek similar relief.

    The extension requested will allow the defendants the necessary time to assess the impact of the Court's decision and reasoning in *USIP* on the motion for discovery in this case, as well as its implications on this case more broadly. Moreover, undersigned counsel, who is primarily

responsible for the government's response to the discovery motion, will have limited time to assess the impact of the *USIP* decision this week because he was responsible for drafting a response to a preliminary injunction motion that was filed on May 19, 2025, and for a hearing on that motion to be held on May 23, 2025.

Pursuant to paragraph 8.d of the Court's standing order (ECF No. 14), the defendants provide the following explanation as to why this motion does not comply with the Court's "four-day rule" for motions to extend. The Court issued its decision in the *USIP* case on May 19, already only four days from the deadline for defendants' response to the motion for discovery. Counsel for defendants immediately conferred with counsel for plaintiffs that same day about a motion to stay or extend briefing on the discovery motion to assess the impact of the *USIP* decision, but counsel for plaintiffs advised that he would be unable to provide a position until the following day (today), after he had an opportunity to confer with his clients. After counsel had an opportunity to speak with his clients, counsel for both sides spoke further by telephone today. Therefore, despite diligence, the defendants were unable to complete the conference requirement of Local Rule 7(m) until today. The government filed this motion immediately thereafter.

\*   \*   \*

For the foregoing reasons, the Court should grant this motion and extend defendants' deadline to respond to the discovery motion to June 6, 2025.

Dated: May 20, 2025
       Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:     /s/
    JOHNNY H. WALKER, III, D.C. Bar #991325
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2511
    johnny.walker@usdoj.gov

*Attorneys for the United States of America*